## PETER KEES *vs.* MARTIN J, KERNEY.

If the claim filed before the *scire facias* issues, under the act of 1838, ch. 205, shows that the debt was contracted by the owner with the plaintiff, *non assumpsit* is a proper plea, because the claim would show a contract express or implied on the part of the defendant.

But if the claim be for work and labor, or materials furnished by some person employed by the builder and not the owner, the law does not raise an *assumpsit* as between the plaintiff and the owner, and in such case the latter cannot plead *non assumpsit*, but must notify the plaintiff of the defence on which the demand is resisted.

APPEAL from Baltimore county court.

The appellant sued out a writ of *scire facias* under the mechanics' lien law of 1838, ch. 205, to enforce his claim for work and labor done and performed upon and about the building, described in the writ, of which the appellee was the owner or reputed owner. The claim filed before the writ issued is not in the record.

The sheriff made return to the writ, "made known," "copy

served," and property "advertised." The appellee appeared and plead *non assumpsit*. To this plea the appellant filed a special demurrer that it was immaterial and inconclusive, and no final judgment could be rendered on any finding under it. The court below sustained the plea, overruled the demurrer and quashed the *scire facias*. From this judgment the plaintiff appealed.

The cause was argued before ECCLESTON, MASON and TUCK, J.

*T. P. Scott* for the appellant argued the following points.

1st. The proceeding is *in rem*, no personal claim is asserted against the appellee, and no personal judgment could be rendered against him under such a *scire facias*. *Act of* 1838, *ch.* 205, *secs.* 1, 2, 3, 14, 19, 20, 26. 6 *Gill*, 25, *Carson vs. White*.

2nd. It is immaterial whether he promised to pay or not, for it is not alleged that he undertook or promised to pay.

3rd. The finding by a jury under such a plea would be inconclusive, and no final judgment could be rendered on such a verdict. 2 *G. & J.*, 244, *Iglehart vs. State use of Mackubin*. 5 *G. & J.*, 109, *Sasscer vs. Walker's Excr*. 6 *G. & J.*, 460, *Doogan vs. Tyson*.

4th. An immaterial traverse is good cause for a special demurrer.

*P. McLaughlin* for the appellee.

1st. Although the proceeding is *in rem*, yet it is founded upon a contract express or implied, and in the absence of such a contract the writ of *scire facias*, under the act of 1838, ch. 205, can in no case be sustained. See *secs.* 5, 9 and 11, of that act.

2nd. If it is necessary in order to sustain the writ, that a contract should exist, then any plea that denies the existence of the contract, shows it satisfied, or that the defendant has a claim in bar, will be an answer to the writ, and raise an issue

upon which judgment can properly be rendered, and will conclude the parties thereto.   5 *Whart.*, 366, *Sullivan vs. Johns.* 1 *Watts & Seargt.*, 240, *Davis vs. Church.*   4 *Watts & Seargt.*, 467, *Ewing vs. Barras.*   13 *Penn. State Rep.*, 181, *Gable et al., vs. Parry, et al.*   2 *Miles*, 45, *McCall vs. Eastwick. Ibid.*, 215, *Crean vs. McFee.*   15 *Penn. State Rep.*, 265, *Chambers vs. Yarnall.*   17 *Do.*, 234, *Harper vs. Keely.*   2 *Rawle*, 316, *Hopkins vs. Conrad, et al.*

3rd. The act of 1838, ch. 205, gives to mechanics and others the property as security, and changes the mode of proceeding to recover for work and labor only so far as the writ and *nar* are concerned.   The pleadings subsequent to the *nar* are in no way affected by that act.   The act of 1845, ch. 287, requires these laws to be considered as remedial laws.

4th. The plea of *non assumpsit* raises the general issue. 2 *Penn. State Rep.*, 363, *Christine vs. Manderson.*   12 *Do.*, 339, *Johns vs. Bolton.*   1 *Watts & Seargt.*, 240, *Davis vs. Church.*   6 *Do.*, 483, *Pentland vs. Kelly,* and the authorities above cited.

Tuck, J., delivered the opinion of this court.

This is a proceeding under the mechanics' lien laws, in force in the city of Baltimore.   The claim filed before the attachment was issued is not in the record.   Consequently we cannot discover whether the alleged debt was contracted by the owner with the plaintiff, or was for work and labor or materials furnished by some person employed, not by the owner of the property, but by the builder.   In the first case the claim would show a contract or promise, express or implied, on the part of the defendant, to which *non assumpsit* would be a proper plea.   In the latter case the law would not raise an *assumpsit* as between the parties, but the plaintiff might, nevertheless, enforce his lien against the property, under the 9th sec. of 1838, ch. 205, by showing that he had done work, or furnished materials for the building, at the instance of the contractor.   Compliance with the provisions of the act would

entitle him to recover, although the defendant had not promised, and thereby made himself answerable for the claim.

The claim filed performs the office of a declaration, when made as required by the act of Assembly. The *sci. fa.* notifies the party and gives him an opportunity of showing cause against enforcing the lien. In some cases, as we have said, the general issue in *assumpsit* may be relied on; but we do not perceive that this cause was such an one as authorised that form of defence. The defendant professes to answer the *sci. fa.* by a denial that he had undertaken or promised, as alleged against him, when no promise is averred, and it does not appear that there was any express or implied.

The act of 1845, ch. 287, provides that these acts shall be considered as remedial, and as if conferring general jurisdiction, but they do not dispense with the forms of pleading recognized in such courts when administering remedial laws. In the only case in this State, under this act, which has come under our notice, (*Carson vs. White,* 6 *Gill,* 17,) the Court of Appeals have indicated with some particularity the manner of stating the plaintiff's claim. The defendant has a right to a specific account of the matters for which the claim may be filed, before he can be required to plead; and we think there should be mutuality in conducting the cause. In that case the pleas were special, and notified the opposite party of the defence on which the demand was resisted. Here the plea takes defence on a ground wholly immaterial to the plaintiff's right to enforce his lien. As far as this record discloses, any other plea in actions *ex contractu,* would have answered the demand as well as the one employed.

*Judgment reversed and procedendo awarded.*