FRANK VOIGTMANN and SILAS HARRIS POMEROY, trading as
VOIGTMANN AND COMPANY vs. WILMINGTON TRUST BUILD-
ING CORPORATION, a corporation existing under the laws of
the STATE OF DELAWARE, owner or reputed owner, and
MANUFACTURERS' CONTRACTING COMPANY, a corporation
existing under the laws of the State of New Jersey, Contrac-
tor.

*Mechanics' Lien—Pleading—Set-off—Recoupment—Contract—
Forfeiture—Statement of Claim—When to be Filed—
Statute—Termination of Contract by Defend-
ant—Effect of—On Credit of House,
Building or Structure—Material
Requirement—Must be Proved.*

1. At common law, in proceedings upon *scire facias*, there was no
such thing known as set-off. The subjects to which the writ applied were
matters of record,—judgments or recognizances. But in this and many
other States it has been made applicable to mechanics' liens, and set-off is a
good and appropriate plea in such an action. It is, however demurrable
if not drawn out.

2. A plea of set-off is bad if it is not for a sum liquidated, or which
can be ascertained by calculation, as our Statute requires.

3. It is our settled practice not to plead, but to give verdict of
the plea of recoupment.

4. Mechanics' lien is not an action on contract. It is more in the
nature of an action of assumpsit for the price and value of work, labor and
materials furnished by the claimants. If a portion of the materials was
not of the quality and kind specified by the contract, but they were re-
ceived and used, the claimant may recover what they were worth.

5 Courts do not encourage forfeitures. The right to declare a
forfeiture of the contract does not carry with it the right to refuse pay-
ment for labor and materials not in conformity with the contract, which
were received and used and were of benefit to the defendant.

6. A notice of recoupment is sufficient if it informs the claimant
what is relied on by way of recoupment, and shows that these matters
relate to or grow out of the subject of the action.

7. In an action of mechanics' lien, if it appears from the testimony
that the statement of the plaintiff's claim was not filed within the time re-

quired by the statute, a non-suit will be granted. The plaintiff will not be relieved of the requirement by the act of the defendant which terminated the contract before it had been fully performed, and prevented the plaintiff from proceeding with the work. The time when the last work and labor, or furnishing of materials, was finished cannot be considered the date when defendant terminated the contract.

8. Testimony showing that the work, labor and materials were performed and furnished to and for the building, house or structure, is not tantamount to that which the statute requires, viz.. *on the credit* of the building, house or structure.

9. That part of the statute which provides, that "it may be lawful for any person or persons having performed work and labor or materials &c.,—to obtain a lien upon such building, house or structure,—is subject to the qualification" that the said work and labor were perormed, or said, materials were furnished, on the credit of the. said building, house or structure.

10. The statute is plain as to what is required to be embodied in the statement, and every substantial part must be supported by evidence in order that the plaintiff may succeed. The allegation that the work and labor was performed, or the materials furnished, on the credit of the building, house or structure, is a material and a substantial fact, required by the statute to be not only embodied in the plaintiff's statement, but also to be proved at the trial.

*(March* 24; *June* 24, 1908.)

Judges SPRUANCE and BOYCE sitting.

*Thomas F. Bayard* for plaintiffs.

*William S. Hilles* for defendants.

Superior Court, New Castle County, March Term, 1908.

SCIRE FACIAS ON MECHANICS' LIEN (No. 34, September Term, 1907).

Special demurrers to defendants' pleas, and motion to strike out notice of recoupment. Motion for a nonsuit granted.

SPRUANCE, J.:—No doubt at common law in proceedings

VOIGTMANN AND CO. vs. WIL. T. B. CO.            267

OPINION.

upon *scire facias* there was no such thing known as set-off.    The theory upon which this rule was established must have been that the subjects to which *scire facias* was then applied were matters of record; judgments or recognizances.    They were cases where there had been an adjudication of indebtedness and a judgment of the Court or a recognizance where there was a solemn acknowledgment in Court binding the  parties.

The case of *Burton vs. Willin*, 6 *Houst.* 522, was an appeal from a decision of the Court of Chancery.    Burton had entered into a recognizance in the Orphans' Court, and one of the parties entitled under the recognizance was a young woman named Virginia C. Truitt.    Burton had expended certain money for the benefit of Virginia during her minority, and he desired to set-off the money he had thus expended against her claim for her share of his recognizance.    It was something which, while it partook of the nature of set-off or recoupment, yet from its very nature it was not a thing to be set off and could not be  set-off, and the only way to have it allowed was by the intervention of the Court of Chancery.    For this purpose a bill in equity was filed by Burton  before  Edward  Ridgely  as  Chancellor  *ad  litem.*   The Chancellor refused to allow it, but upon appeal to the Court of Errors and Appeals, it was allowed, but not on any common law rule, but in the exercise of the power which the Court of equity had.    So that the remarks of the Court in that case about pleading at common law, and whether set-off could or could not be allowed are *obiter*.

In America, in many of the States, and in our own State, the writ of *scire facias* has been made applicable to mortgages and mechanics' liens.    It is contended that set-off cannot be pleaded in an action of *scire facias* upon a mechanics' lien. If it cannot be so pleaded, the consequences would be most serious.    That our Courts hold that the common law rules in regard to pleading in cases of *scire facias* do not apply to *scire facias* on mechanics' liens is best demonstrated by the first plea in this case, viz., non assumpsit.    This plea would not be allowed in case of *scire facias* on a judgment or recognizance, but is here a

usual and appropriate plea in case of *scire facias*, on a mechanics' lien. This proceeding is not upon a record, not upon a judgment; not upon anything by which the indebtedness of the plaintiffs, or defendants, or either of them, has been ascertained. That is the object of this proceeding; and we see no reason why the same pleas might not be used in this case as in any case of assumpsit. Both reason and the purposes of justice require that the same latitude be allowed.

In this case the first plea is non assumpsit, the second payment, the third "set-off," and the fourth a special plea to be considered hereafter. We hold that set-off is a good and appropriate plea in an action of this kind, but the difficluty is that the plea of set-off is not drawn out. The usual method is to proceed under *Section 4 of Rule* 8 (*Rules of the Superior Court*) which provides; that a plea of set-off shall, if required, be drawn out; and shall state the matters of set-off with reasonable certainty. All counter claims by way of recoupment shall be filed with the plea, and set forth with like reasonable certainty." And *Section* 3 of the same Rule provides: that "Whenever a party pleads or replies specially and such plea or replication be not drawn out at length, or whenever a plea is filed, with leave to give the special matters in evidence, the facts intended to be relied on shall be suggested on the record." The easy and usual method is to give notice to draw out the set-off, but that has not been done in this case. It is demurred to. All special pleas not drawn out are demurrable.

The grounds of demurrer to the plea of set-off are not very distinctly stated in the demurrer, but we take it to mean, among other things, that the plea is not drawn out, and upon that ground we will have to sustain the demurrer.

The fourth plea in substance alleges, that certain labor and materials set forth in the claimants' claim and bill of particulars were furnished by the claimants under a written contract between them and the Manufacturers' Contracting Company, which provided that if any work or materials furnished by the claimants should be defective or improperly done, that such defects might

VOIGTMANN AND CO. vs. WIL. T. B. CO.        269

OPINION.

be remedied by the said contracting company; and that said materials should be delivered within certain times specified in said contract; and that if said claimants should refuse or neglect to comply with any of the requirements of said contract, the said contracting company might declare said contract forfeited, and thereupon the said contracting company should be exonerated from any liability under said contract and for any balance due under said contract.

The said plea also alleges that certain labor and materials furnished by the claimants were not as required by said contract, but were defective, and that said materials were not delivered within the times prescribed by said contract, and that the said contracting company has declared said contract forfeited, and therefore the claimants were not entitled to recover anything in this action.

If this plea is considered to be a plea of set-off, it is certainly bad, as it is not for a sum liquidated or which can be ascertained by calculation as our statute requires.    (*Revised Code; Ch.* 106, *Sec.* 21.)

If it is considered as a plea of recoupment it is a novelty, as our settled practice is, not to plead, but to give notice of the claim of recoupment as to certain specified matters.

Under this plea it is contended that the claimants cannot recover anything by reason of their failure to strictly comply with the requirements of said contract.    We can not agree with this unqualified contention.

This is not an action on said contract.    It is more in the nature of an action of assumpsit for the price and value of work, labor and materials furnished by the claimants.    If it should turn out that a considerable portion of these materials was not of the quality and kind specified by the contract between the parties, but that said materials were received, used and held by the said contracting company or the owner of said building, although not of as much value as if they were of the kind and quality specified in the contract, the claimants may recover in this action what they were worth.

It is further contended that by reason of the declaration of forfeiture by the contracting company, the claimants can not recover anything in this action. Courts do not encourage forfeitures.

Many generations ago it was determined that the full penal sum in a bond can not be recovered. We allow the parties to agree upon liquidated damages, but that is not this case.

The right to declare a forfeiture of the contract does not carry with it the right to refuse payment for labor and materials not in conformity with the contract, which were received and used, and were of benefit to the defendants.

For these reasons we sustain the demurrer to the fourth plea.

We are asked to strike out the notice of recoupment.

This notice is in some respects imperfect, but it appears to us to be sufficient, as it informs the claimants what is relied on by way of recoupment, and shows that these matters relate to or grew out of the subject of this action.

We therefore decline to strike out the said notice of recoupment.

We direct that judgment of *respondent ouster* be entered, at the election of the defendants, as to the *third* and *fourth* pleas.

On January twenty-fourth, 1908, the case came on for trial before LORE, C. J., and GRUBB and PENNEWILL, J. J. After the plaintiff had produced its evidence and closed, counsel for defendants moved for a nonsuit upon the following grounds.

*First.* Because according to the evidence, the mechanics' lien in this case was not filed, as provided by the statute, within ninety days after the completion of materials furnished by the plaintiff, respectively. That the testimony disclosed that the last work done on the contract and the last materials furnished were either on the twentieth or the twenty-first day of March, 1907, and that the lien was filed on the seventeenth day of July, 1907, which was either 118 or 119 days after the furnishing of the last material or the doing of the last work on the job.

*Second.* Because there was no evidence that the work was

VOIGTMANN AND CO. vs. WIL. T. B. CO.     271

OPINION.

done or the materials furnished on the credit of any building or structure of any character whatsoever.

*Third.* That there was no evidence which connected the Wilmington Trust Building Corporation directly or indirectly with the case, and no proof of ownership of any property by the Wilmington Trust Building Corporation, one of the defendants, in the City of Wilmington, or that they owned this real estate in question.

*Fourth.* That the plaintiff in his pleadings relies upon a special contract absolutely and entirely, and shows by its evidence not only that it has not completed or performed the same, but that that contract was at an end before it brought its suit.

*Fifth.* Because there can be no recovery on a special contract unless the party seeking to recover under it shows full compliance with the terms of that special contract, notwithstanding its performance may have been prevented by the other party. That the plaintiff in this case, while replying upon its special contract, has not laid the basis by showing the performance of the condition precedent to its right to recover; viz., the obtaining of the certificate of the engineer in charge of the work that the work has been completed, or showing any reason for its not getting it, in a manner satisfactory to your Honors, as a proposition of law.

*Bayard,* for plaintiff, replied in opposition to the above motion.

PENNEWILL, J.:—We have carefully considered the grounds upon which the motion for a nonsuit is based and also the arguments of counsel for and against the granting of the same.

Several grounds or reasons have been assigned and argued by counsel for defendants, but we will deal with the first and second only in determining the question.

It is insisted first that a nonsuit should be granted because the plaintiffs filed the statement of their claim too late, under the statute.

It is admitted that the plaintiffs in this case are embraced

within that class referred to in the "Act in Relation to Mechanics' Liens," as follows: "and all other persons embraced within the provisions of this Act, and entitled to avail themselves of the liens herein provided for, shall file a statement of their respective claims, in the manner hereinafter designated, within ninety days from the completion of the work and labor performed or from the last delivery of materials furnished by them respectively."

The plaintiffs filed the statement of their claim July 18, 1907, and in such statement it is declared that 'the time when the furnishing of said ¬labor and materials was commenced wae June 28, 1906, and the time when the same was finished was April 22, 1907."

It is clearly shown by the testimony, however, that the time when the said work and labor, and the furnishing of said materials, was finished was not later than March 21, 1907. Such being the case it appears that the statement of the plaintiffs' claim was not filed within ninety days from the completion of the work and labor performed or from the last delivery of materials, as required by the statute.

The plaintiffs contend that the filing of their claim was within the provisions of the Act because the work, labor and materials were furnished under a special contract with the defendants, which contract the defendants terminated by a letter addressed to the plaintiffs, dated April 25, 1907; that the contract had not then been fully performed on the plaintiffs' part, and they were prevented from completing it by the unwarranted act of the defendants; that they were ready and willing to proceed with their work, and would have done so had the defendants not prevented them, and that, therefore, the time when the last work and labor, or furnishing of materials, was finished should be considered the date of defendants' letter terminating the contract.

We cannot so hold. The language of the statute is clear and explicit, and inasmuch as the time when the last work and labor, or furnishing of materials, was actually finished, was more than

VOIGTMANN AND CO. vs. WIL. T. B. CO.       273

OPINION.

ninety days before the filing of the statement of plaintiffs' claim, the plaintiffs cannot maintain their action.

The defendants insist in the second place that there is no testimony whatever showing that the work and labor were performed, or the materials furnished, on the credit of the building, house or structure upon which it is sought to obtain a lien.

The plaintiffs admit that no witness used those particular words, or testified specifically that the work and labor was performed, or the materials furnished, on the credit of such building, house or structure. They contend, however, that there was testimony showing that such work, labor and materials were performed and furnished to and for such building, house or structure, and that such language is tantamount to that which the statute requires.

We cannot so consider it. The testimony referred to cannot, under the most liberal construction, be held to mean that the work and labor or materials were performed or furnished on the credit of the building, house or structure.

The plaintiffs further contend that inasmuch as the first part of the statute, which states who may obtain a lien under its provisions, does not require that the work, labor or materials should have been furnished on the credit of the building, it is not necessary that such fact should be proved at the trial.

The part of the statute referred to is as follows: "It shall and may be lawful for any person or persons having performed or furnished work and labor or materials, or both, to an amount exceeding twenty-five dollars in and for the erection, alteration, or repair of any house, building or structure, in pursuance of any contract, express or implied, with the owners of such house, building or structure, or with the agent of such owner, or with any contractor who shall have contracted for the erection, alteration or repair of the same, and for the furnishing of the whole or any part of the materials therefor, to obtain a lien upon such building, house or structure, and upon the ground upon which the same may be situated or erected, subject, however, to the following restrictions, limitations and qualifications."

The statute, it will be observed, provides that such lien may be obtained under and subject to certain restrictions, limitations and qualifications, one of which is that every person entitled to the benefit conferred by the Act, and desiring to avail himself of the lien therein provided for, shall within the time therein specified file a statement of his claim, which shall contain and set forth, among other things, the following: "That the said work and labor were performed or said materials were furnished on the credit of the said building, house or structure."

The statute is plain as to what is required to be embodied in the statement in order to obtain the benefits of the Act, and the conclusion seems to be inevitable that every substantial part must be supported by evidence at the trial in order that the plaintiff may succeed.

The allegation that the work and labor was performed or the materials furnished, on the credit of the building, house or structure, is a material and substantial fact required by the statute to be not only embodied in the plaintiffs' statement, but also to be proved at the trial. There being no evidence whatever adduced to support such allegation, we think the plaintiffs cannot succeed in this action.

We are exceedingly loath to grant the motion made by the defendants, but under the law our duty seems to be clear and unavoidable, and we therefore direct that a non-suit be entered in this case.