ISAAC RICHARDS, JOHN HOWARD RICHARDS and TAYLOR W. RICHARDS, trading as J. H. RICHARDS & Co., for the use of JOHN HOWARD RICHARDS, trading as J. H. RICHARDS & Co., *vs.* ARNOLD NAUDAIN, contractor and CHARLES FRANKLIN McVAUGH, owner or reputed owner.

PLEADING—PLEA TO THE JURISDICTION—ISSUES.

The court, in a suit against an owner and a contractor to obtain a mechanics' lien, will not try an issue of fact presented by a plea to the jurisdiction, interposed by the owner, alleging that the contract with the contractor was made by a third person, who was not the owner, which may be tried under the general issue.

(*November* 29, 1911.)

Judges BOYCE and RICE sitting.

*W. T. Lynam* and *Frank L. Speakman* for plaintiffs.

*Philip L. Garrett* for defendant.

Superior Court, New Castle County, November Term, 1911.

This was a motion to strike out a plea to the jurisdiction in an action brought to obtain a mechanics' lien, being No. 36, March Term, 1910.

(See also 3 *Boyce—*.)

The questions presented appear in the opinion of the court.

BOYCE, J., delivering the opinion of the court:

This is an action to obtain a mechanics' lien. After the filing of the statement by the plaintiffs, as required by the statute, and the issuance of the writ, and the service and return thereof, Charles Franklin McVaugh, in his own proper person, filed a plea to the jurisdiction duly verified, based upon the allegation that the plaintiffs furnished materials  *  *  * in persuance of a contract made with Arnold Naudain, the contractor for the said Charles Franklin McVaugh, owner or reputed owner."

It is admitted in said plea that the said McVaugh was, and still is, the owner in fee of the lands, etc., described in said statement, upon a part or portion whereof the house, etc., was and is erected, but it is averred that the said McVaugh hath not, and did not at any time make any contract whatsoever with the said Arnold Naudain, the other defendant, etc., or with any other person or persons, for, concerning, or in any way relating to the erection of the said house, etc., or for, concerning, or in any way or manner relating to the furnishing of any materials whatever therefor, etc., but that such alleged contract, if any there be, was made by one Henry R. McVaugh, who was not, at any time, and is not now the owner of the said lands, etc.; that, by reason thereof, the court here hath not, and cannot ever acquire or obtain jurisdiction of, etc., for want of any owner, or any reputed owner, who made the alleged contract, etc.

No objection is made to the sufficiency of the plaintiffs' statement filed except as we have shown. Whether the said allegation,

contained in the plaintiffs' statement, is, as a matter of fact, true, may be controverted at the trial under the general issue of non-assumpsit, which, in the case of *Voigtmann v. Wilmington Trust Company*, 7 *Penn.* 265, 78 *Atl.* 920, was held to be an appropriate plea in an action to obtain a mechanics' lien. We do not think the denial of the said allegation in the plaintiffs' statement is properly the subject of a plea to the jurisdiction. We decline to try the issue of fact presented by the plea before a jury drawn for that purpose.

Let the motion be sustained, and the plea stricken out.