AND IN THE

## SUPERIOR COURT, COURT OF OYER AND TERMINER AND COURT OF GENERAL SESSIONS

OF

## DELAWARE,

BEGINNING NOVEMBER, 1912.

---

ISAAC RICHARDS, JOHN HOWARD RICHARDS and TAYLOR W. RICHARDS, late trading as J. H. RICHARDS & Co., for the use of JOHN HOWARD RICHARDS, trading as J. H. RICHARDS & Co., *vs.* ARNOLD NAUDAIN, contractor, and CHARLES FRANKLIN McVAUGH, owner or reputed owner.

1. MECHANICS' LIENS—ENFORCEMENT—PLEADING—GENERAL ISSUE.

Under *Court Rule No. 9*, § 13, providing that in mechanics' lien cases all pleadings must specially set forth the matters of defense, pleas of non assumpsit, "never indebted", "*nil debet*", "*non est factum*", or the general issue, cannot be regarded as good and proper pleas; and, independent of the rule, an owner cannot plead non assumpsit, where the labor or materials were furnished by a person employed by the contractor, and not by him, since there could be no promise on the part of the owner.

2. MECHANICS' LIENS—IRRELEVANT PLEAS.

Pleas of "*non est factum*", and that the contract was made with another party, etc., were irrelevant, in an action to obtain a mechanics' lien by one employed by the contractor, and not the owner.

3. MECHANICS' LIENS—ENFORCEMENT—PLEADING—LIMITATIONS.

In an action to obtain a mechanics' lien, the only limitation that can be pleaded is that provided in the act itself, that a statement of claim must be filed within ninety days, or within thirty days after the expiration of ninety days.

4. MECHANICS' LIENS—ENFORCEMENT—PLEADING LIMITATIONS—TIME OF FILING OF CLAIM.

In an action to obtain a mechanics' lien, a plea "that the statement was not filed within the time prescribed by the statute in such cases made and provided" will be held to mean the act relating to mechanics' liens.

Statement—Opinion.

5. MECHANICS' LIENS—RIGHT TO LIEN—NATURE OF CONTRACT.

Under the statute providing that a person who has "performed or furnished work and labor or materials, * * * to an amount exceeding," etc., "in and for the erection * * * of any house," etc., may obtain a lien, the lien is possible for material furnished under either an express or an implied contract.

(*December* 10, 1912.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*William T. Lynam* and *Frank L. Speakman* for plaintiffs.

*Philip L. Garrett* for defendant.

Superior Court, New Castle County, November Term, 1912.

ACTION SCI FA SUR MECHANICS' LIEN (No. 36, March Term, 1910) by Isaac Richards and others against Arnold Naudain and others.

On motion to strike out pleas. Motion granted. (See also 2 *Boyce* 565, 81 *Atl.* 872.)

The facts appear in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

The motion to strike out the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, sixteenth, twentieth, twenty-second and twenty-sixth pleas filed in the above stated case, was argued and decided at the September term, with an announcement that the reasons for the decision would be given later.

There were many pleas filed, and all that were objected to but two were ordered stricken out. It is not necessary, or important, to give the reasons which induced the court to strike out many of the pleas. There was but one important question raised by the motion, viz.: Whether the plea of non assumpsit, or the general issue, is a proper plea, under the law of this state, in a. mechanics' lien case.

It was that question upon which the opinion of the court was particularly desired because of the uncertainty of the law on the subject.

This court, in the case of *Voigtmann & Co. v. Wil. T. B. Co.*, 7 *Penn.* 265, 78 *Atl.* 920, held that non assumpsit was a "usual and appropriate plea in case of *scire facias* on a mechanics' lien." The question before the court in that case was, whether "set-off"

could be pleaded in an action of *scire facias* upon a mechanics' lien, and Judge Spruance, speaking for the court, said: "We see no reason why the same pleas might not be used in this case as in any case of assumpsit. Both reason and the purposes of justice require that the same latitude be allowed."

At an early stage of the present case, on a motion to strike out a plea to the jurisdiction, the court, following the decision in the *Voigtmann case*, said: "Whether the said allegation contained in the plaintiff's statement, is, as a matter of fact, true, may be controverted at the trial under the general issue of non assumpsit, which in the case of *Voigtmann v. Wilmington Trust B. Co.*, 7 *Penn.* 265, 78 *Atl.* 920, was held to be an appropriate plea in an action to obtain a mechanics' lien." 2 *Boyce* 565, 81 *Atl.* 872.

[1] There is now, and was at the time of the two decisions referred to, a rule of court, *No.* 9, *section* 13 of which provides as follows:

"In causes of mechanics' lien exceptions to the statement and claim must be filed on or before the first Monday of the term to which the *scire facias* is returnable. And all pleadings in said cases must specially set forth the matters of defense."

This rule was called to the attention of the court for the first time at the argument in this case, and after carefully considering the same we are clearly of the opinion that a plea of non assumpsit, or of the general issue, does not specially set forth the matters of defense as required by the rule. It seems to us to be, in character, the very reverse of the plea contemplated by the rule, and cannot therefore be regarded as a good and proper plea.

This conclusion is based upon the clear and express language of the rule, duly considered in this case, but which was not called to the attention of the court in either of the cases above mentioned. If any regard is to be paid to the said rule the conclusion we have reached seems unavoidable. Independent, however, of the rule, it may be said, that even if the general issue of non assumpsit might be pleaded in a mechanics' lien case where the work and labor, or materials, were furnished by the plaintiff for the owner on a promise of the latter express or implied, there could be no such promise, and, therefore, no such plea, when the

work and labor, or materials, were furnished by a person employed by the contractor, and not by the owner, as in the present case. *Kees v. Kerney*, 5 *Md.* 419.

In the case now before the court there was no promise, express or implied, made by the defendant to the plaintiff, and the plea of non assumpsit was therefore improper. The pleas of "never was indebted" and, "*nil debet*" were also ordered stricken out because they do not set out the nature of the defense as required by the rule, the manifest meaning of which is, that the defense shall be so pleaded that its nature may be known from the plea.

[2] The plea of "*non est factum*" was also stricken out, and for the additional reason that there was no averment in the statement filed of any contract made with the defendant. The only contract mentioned was one made with the contractor. The plea was clearly irrelevant.

For the same reason the pleas wherein the defendant owner alleged that the supposed contract was not made with him, that he never entered into any contract with the plaintiff, or that the supposed contract was made with another, were ordered stricken out. Such pleas raised no issue of fact, and were clearly objectionable.

[3] The court held that the plea of the general statute of limitations, as pleaded in this case, was also improper, it being alleged therein, that the defendant "did not at any time, within three years before the commencement of this suit, undertake or promise," etc.

It will be observed that the only limitation in this state relating to mechanics' liens, is that which is contained in the act itself, wherein it is provided that a statement of the plaintiff's claim must be filed within 90 days, or within 30 days after the expiration of 90 days, from the completion of the work and labor, or the last delivery of materials. Manifestly this is the only limitation that could be pleaded in a case like the one before the court. The plea of the act of limitations could not be relevant and material unless it showed that the statement was not filed within the time prescribed by the mechanics' lien statute.

[4] The court declined to strike out the twentieth plea which

alleged "that the statement was not filed within the time prescribed by the statute in such case made and provided," meaning the act in relation to mechanics' liens.

[5]  The plea of the statute of frauds which alleged that the supposed promises were concerning lands, and not in writing, was ordered stricken out because it was deemed inapplicable to the present action.  The mechanics' lien statute provides that "it shall and may be lawful for any person or persons having performed or furnished work and labor or materials, or both, to an amount exceeding twenty-five dollars in and for the erection, alteration or repair of any house  *  *  *  to obtain a lien," etc.  Under the statute the lien exists if the work and labor, or the materials, are furnished in pursuance of a contract either express or implied.

The court declined to strike out the twenty-second plea, the objection to it being that it was not pleaded by and with the consent of the other defendant.