EMMA SPOFFORD *vs.* R. I. SUBURBAN RAILWAY CO.

MARCH 16, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Verdicts. Test of Validity.*

Verdicts are to receive a reasonable construction and such as will carry out the intention of the jury, and the test is whether or not the verdict is an intelligible answer to the issue submitted to the jury.

An action was commenced against the X. Railway Co. Before the trial the Y. Co. was summoned in, and appeared as a defendant. During the trial counsel for the Y. Co. admitted in open court that it was in control of the car at the time of the accident. The title of the case as endorsed upon the papers was not changed, and verdict was returned in the name of the X. Railway Co., defendant:—

*Held*, that the issue for the jury to determine was whether the Y. Co. was guilty of negligence or not. This issue being decided in the affirmative, the verdict could be understood in no other sense and would be sustained.

(2) *Evidence. New Trials.*

Where a question which would have been proper in direct examination, but was not strictly in re-examination, was admitted, such irregularity in the order of examination is no ground for setting aside a verdict.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and overruled, except as to excessive damages.

DOUGLAS, C. J. This action was originally brought against the Rhode Island Suburban Railway Co., to recover damages sustained while a passenger upon a trolley car. Before the trial the Rhode Island Company was summoned in and appeared as a defendant. During the trial counsel for the Rhode Island Company admitted in open court that it was in control of the car at the time of the accident. The

title of the case as endorsed upon the papers was not changed, . and the verdict was returned in the following form:

"Providence, Sc.                         Superior Court,

"In the case of                    · June 20th, A. D. 1907.

"Emma Spofford, .
        vs.                    } No. 20828.
R. I. Suburban Ry. Co. )

"The jury find that the Defendant corporation is guilty in manner and form as the plaintiff has in her declaration thereof complained against it and assess damages for the Plaintiff in the sum of $5,000.00.

"Andrew R. Chace,

"*Foreman.*"

The first question raised by the exceptions relates to the form of the verdict.   It is contended by the defendant that it runs only against the Suburban Railway Co., and as it is agreed that this company was not operating the road at the time of the accident, it is not supported by the evidence and no judgment can be entered upon it.

The intention of the jury is plain enough from the verdict. After the admission that the Rhode Island Company was operating the car at the time of the accident, the issue for them to determine was whether the Rhode Island Company was guilty of negligence or not.   This issue they decided in the affirmative, and the verdict in the circumstances. can be understood in no other sense.   The title of the case might have been changed; but as it was not, the recital of it at the head of the verdict was a natural inadvertence which at the worst could not mislead.

In . *Blue* v. *McCabe*, 5 Wash. (State) 125, 127, the court says: "The title of a cause is used in a verdict merely to identify it with the cause, and it is not necessary that all of the parties be named in order that it may be a good verdict against each one.   If it can be fairly gathered what the intention of the jury was, it will be given effect accordingly."

Verdicts are to receive a reasonable construction, and such

as will carry out the intention of the jury. *Kelsey v. C. & N. W. Ry. Co.*, 1 So. Da. 81: *Jeansch v. Lewis, et al., id.* 609. In *Parrish v. McNeal*, 36 Neb. 727, 729, a verdict was held good when the title of the case was not changed after an administrator had been summoned in and had appeared. See also *West Chicago Street R. R. Co. v. Horne*, 197 Ill. 250; *People v. Ah Kim*, 34 Cal. 189: Vol. 22 Ency. Pl. & Pr. 899, *et seq.*

While it is desirable that counsel should see that verdicts in cases where they are concerned are correctly framed, the test of the validity of a verdict is whether or not it is an intelligible answer to the issue submitted to the jury.

This exception must, therefore, be overruled.

(2)    The next exception is to the allowance of a question by plaintiff's counsel to his witness, relating to a written paper which the defendant's counsel had shown the witness in cross-examination. The question related to a part of the paper which had not been referred to by the defendant's counsel. We think that, while this was not strictly in re-examination of the witness, the question would have been proper in direct examination, and the irregularity in the order of examination is no ground for setting aside the verdict.

This exception is overruled.

Exception is also taken to the refusal of the trial judge to grant a new trial on the ground that the verdict was against the evidence and that the damages assessed are excessive.

The evidence shows that the car was heavily overloaded, with an excessive weight upon one side; that this overloading caused the car to tip and produced a panic amongst the passengers, who rushed from the car when opportunity was given by its stopping. In this rush, or by the sudden stopping of the car, the plaintiff was thrown from her seat to the ground and received the injuries of which she complained. The medical testimony as to the extent and permanence of these injuries is conflicting, but the objections made by the defendant's witnesses to the theory of the plaintiff's physician do not seem to us to be answered, and we think the contention that the injury is permanent is not supported by the weight of the

evidence. If this be so, the amount of damages assessed by the jury must be considered excessive.

This exception is sustained, and a new trial will be granted unless the plaintiff shall remit one thousand dollars of the verdict.

The case is remitted to the Superior Court, with directions to enter judgment against the Rhode Island Company for four thousand dollars if the plaintiff shall within ten days file her remittitur of the sum of one thousand dollars; or else to allow the case to stand for a new trial.

*Waterman, Curran & Hunt*, for plaintiff. *Lewis A. Waterman*, of counsel.

*Henry W. Hayes*, for defendant.