CEDAR REALTY COMPANY, respondent,

v.

WILLIAM J. BAHRS, appellant.

[Decided January 19th, 1925.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Foster, who filed the following opinion:

"This is a bill for the specific performance of a written contract relating to real estate in the city of Newark. The purchase price was to have been paid and title passed on the 1st of March, 1924. Defendant refused to take title, and in his answer gives as the reason for his refusal that the complainant does not own the premises in question in fee, but has only a tax title thereto.

"The defendant further states that complainant's tax title is defective, because the comptroller of the city of Newark, who made the sale, failed or neglected to post notices of the sale in five of the most public places in the city of Newark, as required by the Tax act of 1918 relating to such sales.

"Complainant admits that the comptroller did neglect or omit to post such notices, and it is conceded by counsel for the parties that in all other respect the act was complied with.

"The case has been submitted on the pleadings and memorandum of counsel, and from the facts recited in the pleadings, it does appear that the notices in question were not posted. It further appears that complainant, more than two years after the date of the sale, foreclosed as a mortgage the tax lien it had acquired under the certificate of sale from the comptroller of the city of Newark, by a proceeding in this court, and that a final decree in such action was made in

favor of the complainant, by virtue of which it claims an indefeasible title in fee for the lands in question.

"By section 53 of the Tax act of 1918, page 898, provision for redemption is made in the event of any defect in the assessment, or any proceedings to enforce or collect the same, upon the payment of the amount due to the holder of the certificate of sale.

"No such proceedings were taken setting up the defect in question, nor to redeem the premises.

"It is further contended that the action of the comptroller should have been reviewed by *certiorari,* and that this was never done.

"It further appears that in the foreclosure proceedings in this court, while all parties interested in the premises were brought into court, by due process on them, none of them appeared to defend the action nor to redeem the premises, and that the final decree in such proceeding was duly regarded by complainant as a deed, and no application has ever been made to reopen this decree, and it cannot be opened except for fraud.

"By section 36 of the act of 1918, page 892, the certificate of sale is made presumptive evidence in all courts in all proceedings by and against the purchaser, and the regularity and validity of all proceedings had in reference to the sale after two years from the record of such certificate of sale, and no evidence can be admitted in any court to rebut such presumption, unless the holder of the certificate has procured the same by fraud, or had previous knowledge that the same was fraudulently made and procured, and it appears that complainant's certificate was duly recorded in the office of the register of Essex county on August 1st, 1920.

"Furthermore, it appears that complainant's title to the premises in question has been expressly confirmed by a supplement to the Tax act, approved March 27th, 1924, by which, among other things, it is provided that when a collector or other officer in making a sale of lands shall fail to post notices of sale required by section 19 of the act, the sale

having been otherwise duly advertised as required, and more than two years have elapsed since said sale, the tax sale certificate delivered to the purchaser having been   *   *   * foreclosed   *   *   *   and the final decree having been made and entered in such foreclosure, such sale shall be held valid and effectual in law and equity against all the parties defendant named in the decree.

"From this recital of the facts and the law applicable thereto, I do not find the answer of the defendant presents any valid reason justifying his refusal to perform the contract to purchase the premises in question, and I will advise that the decree for specific performance prayed for be granted."

*Mr. James R. Nugent,* for the respondent.

*Mr. George A. Henderson,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed for the reasons stated in the opinion filed in the court below by Vice-Chancellor Foster.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ.   13.

*For reversal*—None.