BRAZIER T. BOOYE, APPELLANT, v. IRENE L. RIES, RESPONDENT.

Submitted November 9, 1925—Decided July 14, 1926.

1. A building contractor, suing the owner, as other party to the contract, in mechanics' lien, may waive the lien at the trial and rely on his common law right to a general judgment.
2. When owner and builder have executed a writing purporting to be a building contract, voluntarily and without fraud *inter sese*, and the builder was in no way misled as to its contents and purport, it is not open to him thereafter to assert that the contract was a mere formality.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Clarence L. Cole.*

For the respondent, *John F. X. Ries.*

The opinion of the court was delivered by

PARKER, J.   This is a suit by contractor against owner to recover a balance claimed to be due, substantially on a *quantum meruit,* for extensive alterations and repairs to the defendant's house.   Plaintiff sued as on an oral contract; defendant set up in the answer that the contract was

in writing and for a stipulated amount, and denied that any balance was due. On the trial plaintiff admitted the execution of a writing by the parties, but claimed that such writing was not the actual contract but a mere formality, as defendant and her husband wished to have a paper to show her father, who was expected to loan on the property, that there was a contract. The paper-writing appears to have been filed as a contract in order to bar mechanics' liens by others than the principal contractor.

The court granted a nonsuit on several grounds—*first,* relying on the rule in *Fivey* v. *Pennsylvania Railroad Co.,* 67 *N. J. L.* 627, that there was a conclusive presumption of assent to the written contract, except as against fraud; *secondly,* that the bill of particulars annexed to the complaint failed to meet the requirements of the Mechanics' Lien act, under which the complaint was framed, and *thirdly,* that defendant's husband, who undertook to negotiate the contract in her behalf, did not appear to have the necessary authority as her agent. We take up these matters in reverse order.

As to the husband's authority as agent, there was not only a jury question, but there was considerable evidence in support of the existence of that authority. He handled the matter throughout, and a good deal of the time in the actual presence of his wife and with her apparent assent. She also participated in the negotiations in conjunction with him. The nonsuit is not sustainable on this ground.

As to the bill of particulars, the suit, it is true, was begun as a mechanics' lien action, but it was by the contractor against defendant as "builder and owner," and the judgment for plaintiff in such a suit may be a general judgment as well as a special one. *Comp. Stat., p.* 3310, § 27; see *Ennis* v. *Eden Mills Paper Co.,* 65 *N. J. L.* 577. We have not stopped to examine the bill of particulars in its technical aspects, and are content to assume that it would be insufficient in the enforcement of a mechanics' lien claim; but plaintiff's counsel, when confronted with this situation, informed the court that he elected to stand on a general right of recovery, waiving

the special lien. This he was entitled to do, and in the absence of a demand for particulars as at common law, and failure to furnish the same, it was error on the part of the trial court to shut out further proof of the items specified in the complaint. As was said in *Cornell* v. *Matthews, 27 Id.* 522, 527, "the plaintiff was entitled to a general and special judgment; he might waive either." By the express language of the act, the declaration (now complaint) is to be "in the same form as in other actions upon contract, *and shall conclude* with an averment that the debt is, by virtue of the provisions of this act, a lien," &c. Prior to the Practice act of 1912 the declaration in a lien suit ran essentially as one on the common counts in *assumpsit,* plus the special statutory averments. *Luce Mech. Lien L.* (*2d ed., 1910*) 193. A defendant liable as builder to a general judgment cannot properly object to a waiver of the special lien. See *Shoemaker* v. *Maloney, post, p.* 363. The nonsuit is not supportable on this ground.

But on the remaining ground we consider that the nonsuit was proper. The general situation on the facts has been stated, and no beneficial purpose would be subserved by going into details. In fine, the plaintiff admitted that he had voluntarily executed a writing purporting to be a contract for the general work of alterations and additions in question, which, with his assent, had been filed as a building contract; that he was fully aware of its contents, and that though it did not, as he claimed, express the real agreement, he had signed it under these circumstances. He refused to offer it in evidence or otherwise rely upon it. In this situation the trial judge properly ordered a nonsuit. The case is within the reasoning of *Wharton* v. *Christie, 53 N. J. L.* 607, where it was sought to show that a written resignation, duly accepted, was not a resignation but merely a convenience to a discharged employe in obtaining employment elsewhere. Chief Justice Beasley, speaking for this court, said there should have been a nonsuit, and that the jury had erroneously "been permitted to say that this paper does not contain the real understanding of these parties; that contrary

to the plain statement of the writing they did not intend to affect in any degree the relationship between themselves as employer and employe. My conclusion (he said) is that this rule, if adopted in practice, will, in a most disastrous manner, affect the legal department to which it relates, and will greatly deprive written contracts of that impregnability to the assaults of parol evidence which it has ever been the policy of the law to impart to them." So, also, in *Fivey* v. *Pennsylvania Railroad Co., supra,* also in this court, we held that when a party attaches his signature to a contract, otherwise valid, a conclusive presumption is created, except as against fraud, that the signer read, understood and assented to its terms. The case of *Boulevard Globe, &c., Co.* v. *Kern Co.,* 67 *N. J. L.* 279, relied on by appellant, is not in point, as that related merely to the question whether evidence was admissible to show the purpose with which a letter was written.

It was therefore not open to the plaintiff to rest his primary claim on an alleged oral arrangement instead of the written paper. That was what the plaintiff was allowed at the trial to do, in *Osterling* v. *Hotel Co.,* 82 *N. J. L.* 650, and in this court it was held that it was erroneous; that suit lay, if at all, on the writing; that plaintiff should have declared on the writing, and not having so declared, should have been nonsuited on his claim of *quantum meruit.*

On this record the judgment of nonsuit will be affirmed. It may be that plaintiff has a right of action on the written contract; as to this we express no opinion, but confine ourselves to the case and single ground of appeal as argued.

*For affirmance*—TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, JJ. 9

*For reversal*—THE CHIEF JUSTICE, WHITE, GARDNER, MCGLENNON, KAYS, HETFIELD, JJ. 6.