HENRY K. FORT, INDIVIDUALLY AND AS TRUSTEE, FRANK R. DAVIS, INDIVIDUALLY, AND FRANK R. DAVIS AND THE FIRST NATIONAL BANK OF PHILADELPHIA, EXECUTORS AND TRUSTEES, ETC., AND ELIZABETH C. BROCKLEHURST, PROSECUTORS, v. CITY OF GLOUCESTER CITY, A MUNICIPAL CORPORATION, DEFENDANT.

Submitted October 11, 1935—Decided December 5, 1935.

Before Justices CASE and BODINE.

For Henry K. Fort, *Bernard G. Luethy*.

For Frank R. Davis et al., *Kenworthy & Clark*.

For Gloucester City, *Vincent L. Gallagher*.

BODINE, J. Prosecutor seeks to have certain tax sales held in 1931 by the city of Gloucester set aside. In case No. 270/271 property described as Water street, block 124, lot 1, was sold to the municipality. In case 272/273, the property sold to the city was described as Water street, block 120, lot 1-A and block 116, lot 1-D. In case 274/275, the property was described as Water street, block 127, lots 1-2 to 31. A trustee and an estate being interested, there were separate rules in each case. These rules were consolidated into the three cases before us.

The properties were not on Water street and did not border thereon. The shipyard district of the city was well known as the Water street district. The prosecutors were not misled

by the designation nor any likely bidder because the assessment map disclosed the same description. However, this question is unnecessary of decision, because the municipality is not required to do more in making up the tax sale list, the notice of sale or the certificate of sale, than to describe the property by lot and block numbers in accordance with the assessment map of the municipality. *Pamph. L.* 1921, *p.* 255, § 2, *amending Pamph. L.* 1918, *p.* 883.

Prosecutors urge that the proof of the posting of the notice to be set up in five public places was not attached to the list of properties to be sold, as required by section 23, *Pamph. L.* 1918, *p.* 888. Assuming this to be so, the proofs do not show that the notices were not posted and besides under section 36 of *Pamph. L.* 1918, *p.* 892, a certificate of tax sale after two years is conclusive evidence of the fact therein recited, except when there is known fraud in connection therewith. *Central Union Trust Co.* v. *Willat Film Corp.,* 99 *N. J. Eq.* 748. There is no suggestion of fraud. The tax sale certificate is full and complete and nothing in the absence of fraud can rebut the conclusive evidence thereof. The case of *Jones* v. *Landis Township,* 50 *N. J. L.* 374, was decided under an earlier statute which was silent as to the effect of recitals appearing in the certificate of tax sales.

In case 272/273, it is argued that the bill in chancery seeks the foreclosure of the lien upon prosecutors' land without proceeding against certain other lands. If it be true that the bill seeks the foreclosure of a lien upon prosecutors' land for taxes improperly assessed, because included in the assessment were lands not then or now owned by the prosecutor, he has mistaken his remedy. He is in laches after all these years and may not now question the assessment.

The facts and argument in all these cases are so simliar that counsel should have, by the exercise of diligence and stipulation, saved the court's time in examining the records. It is not known, nor do we care where the fault lies, but a useless amount of printing is to be deprecated, not only because of the needless expense to litigants, but also because the court is required to examine needless repetition of fact and law.

The writs will be dismissed, with costs.