WILLIAM N. MATTIX, PROSECUTOR, v. MAURICE RIVER TOWNSHIP, DEFENDANT.

Submitted January term, 1937—Decided April 12, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the prosecutor, *C. Richard Allen.*

For the defendant, *Russell S. Henderson.*

PER CURIAM.

Unless there be some technicality upon which prosecutor as a matter of strict right is entitled to prevail the court finds no merit in the matters brought up by the writ; and before we proceed to scrutinize the record for technicalities helpful to the prosecutor it may be further observed that if the printed state of case placed in our hands is correct, the writ was neither allowed, signed nor sealed, and the affidavits upon which the writ is presumed to have issued were neither signed nor sworn to. These inaccuracies, if such they be, in the printed book can scarcely be attributed to speed in preparation, for prosecutor permitted his writ to slumber for a full year after return made before bringing the matter on for argument.

The writ brings up certain 1928 assessments for taxes in the township of Maurice River and five certificates of tax sales made in 1929 for unpaid 1928 taxes. No effort was made to assert illegality either in the assessments or the sale or matters relating thereto until the township, tax sale vendee, filed its bill on June 29th, 1935, to foreclose the tax sale certificates, whereupon the prosecutor herein filed an answer charging illegality in the assessments and in the sales and, in January of 1936, procured the writ.

There is no suggestion of a fraud or that the prosecutor has not at all times been fully informed as to the facts concerning the assessments and the sales. The properties run into large acreages of comparatively small value. One tract consists of six thousand nine hundred and nineteen acres on which the unpaid tax was $877; another of one thousand five hundred and forty-four acres upon which the unpaid tax was $218; a third tract of fifty-one and two-thirds acres with a tax of $27.30; the fourth, forty-seven and one-half acres, tax $22.75; the fifth, one hundred acres, tax $15.92. Prosecutor had been the owner of the properties and later became

the owner again, although at the time the taxes were assessed the title seems to have been elsewhere. What the prosecutor's relationship to the intermediate owners of the property was does not appear. None of the proofs have come from the prosecutor himself. The only depositions taken for use on the return were of the township collector and Daniel B. Frazier, brother-in-law of the prosecutor. It seems that the affidavits upon which the writ issued were by Mr. Frazier and another.

It is first said on behalf of the prosecutor that the acreages written in the assessments are inaccurate. The only proof thereon is the hearsay testimony, objected to at the time of the taking, of Mr. Frazier. We think it should not prevail to overturn the proceedings. Certain deeds which apparently were marked as exhibits are not before us.

It is next charged that the collector did not keep a bound book as directed by section 18, chapter 237 of the Tax Sale Revision act of 1918. *Pamph. L., p.* 883; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3530, § 208-444a(20). The collector did keep a bound book as a permanent record in his office but did not attach to it the proofs of notice of sale with affidavits of advertisement, posting and mailing thereof. However, there are proofs before us that the advertisement, posting and mailing were accomplished. We are of the opinion that the statutory provision as to the attaching of these proofs to the bound volume is directory and that that omission does not invalidate the sales.

It is said also that the collector produced no record of having given notice to the owner as required by section 20 of the same statute (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3530, § 208-444a(22)), but the collector testified that he did give such notice; furthermore, the statutory provision, contained within the paragraph which calls for the notice, is that "failure to mail such notice shall not invalidate any proceeding hereunder."

The certificates of tax sale follow substantially the statutory form set forth in section 29 of the act. *Cum. Supp. Comp. Stat., p.* 3532, § 208-444a(31).

In none of the reasons presented does there seem to be just ground for invalidating either the assessments or the sales.

We have assumed, without deciding, that the various questions thus presented by prosecutor were available to him under a writ issued at the time and under the circumstances of the present writ. The question is raised but need not be considered. See *Fort* v. *Gloucester City*, 13 *N. J. Mis. R.* 880; 181 *Atl. Rep.* 643, and *Rosen* v. *City of Paterson*, 14 *N. J. Mis. R.* 655; 186 *Atl. Rep.* 584.

The writ will be discharged, with costs.