WILLIAM F. HINCHLIFFE, SUBSTITUTED TRUSTEE OF THE ESTATE OF WILLIAM F. HINCHLIFFE, DECEASED, PROSECUTOR, v. AGNES LOUGHLIN, HERMAN C. MARTENS, COLLECTOR OF TAXES OF THE BOROUGH OF MOUNTAIN LAKES, AND THE BOROUGH OF MOUNTAIN LAKES, IN THE COUNTY OF MORRIS, DEFENDANTS.

Argued October 1, 1940—Decided March 12, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Hugh C. Spernow.*

For the defendants, *Beam & Kelly* (*Eugene F. Hillery,* of counsel).

The opinion of the court was delivered by

HEHER, J. By *certiorari* sued out on April 23d, 1940, prosecutor challenges the validity of the sale of his lands for delinquent taxes by the municipal tax collector at a public auction held on June 5th, 1937, under *R. S.* 1937, 54:5-100, 54:5-101. The purchaser was the defendant Loughlin.

The lands were designated as Lots 23, 24, 25 and part of Lot 26, Block 104, on the municipal tax duplicate. The cer-

tificate attests a public sale of the lands as so described, but the published notice of the sale inadvertently omitted all mention of Lot 26; and it is said that there could not therefore be a valid sale of the latter parcel, and, since all the lots were assessed as one, the first three were necessarily advertised for sale "for an amount of taxes in excess of the amount due thereon, as appears by the assessment rolls and tax duplicates." *R. S.* 1937, 54:5-21, 54:5-25, 54:5-26, 54:5-31.

Prosecutor can take nothing by this assignment of error, inasmuch as the certificate of sale was recorded on June 17th, 1937, more than two years prior to this assault upon its integrity. *R. S.* 1937, 54:5-52 ordains that the certificate of sale shall be "presumptive evidence in all courts in all proceedings by and against the purchaser, his representatives, heirs, and assigns, of the truth of the statements therein, of the title of the purchaser to the land therein described, and the regularity and validity of all proceedings had in reference to the sale," and that "after two years from the record" of the certificate, "no evidence shall be admitted in any court to rebut the presumption, unless the holder thereof shall have procured it by fraud, or had previous knowledge that it was fraudulently made or procured." See *Fort* v. *Gloucester City,* 13 *N. J. Mis. R.* 880; *Central Union Trust Company of New York* v. *Willat Film Corp.,* 99 *N. J. Eq.* 748; *Cedar Realty Co.* v. *Bahrs,* 97 *Id.* 390.

Fraud is not established by the evidence. Prosecutor has not sustained the *onus* of proof of the allegation that the lands were sold privately to the defendant Loughlin, and not at the advertised public auction.

In the circumstances, there is no occasion to determine whether, under *R. S.* 1937, 54:5-43, the tender by prosecutor of the tax "justly due" was a condition precedent to the right to a review of the sale proceedings by *certiorari.*

Lastly, it is contended that the tax sale certificate is invalid, since it "does not contain a true certificate of acknowledgment, and does not state the liens to which it is subject." This question is not raised by any of the reasons for reversal, and therefore need not be considered.

The writ is dismissed, with costs.