[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 323 
The plaintiff appeals from a summary judgment of the Burlington County Court dismissing his complaint which was framed upon the Mechanics' Lien Law. The judgment was based upon the court's determination that the plaintiff had waived his right to a mechanic's lien. The motion for summary judgment included a further reason upon which the court did not pass, namely, that the complaint is sham.
The complaint is in two counts, of which the first sets forth that the plaintiff had contracted with the defendant landowner, the Wrightstown Community Apartments, Inc., to erect certain garden-type apartments for the agreed price of $600,000, and that "differences in cost and extra work" brought the amount to $758,962.
The basis of the cause of action is the alleged refusal of the owner to make payments in accordance with the contract. The apartments were being erected with money advanced by the Hudson County National Bank upon mortgage guaranteed by the Federal Housing Administration. Article 4 of the contract provides that the contractor shall apply to the owner about the first day of each month for payment for the work of the preceding month.
"The sum to which the Contractor shall be entitled upon any such payment shall be the total of the purchase price of uninstalled materials stored on the mortgaged property in a manner acceptable to the Commissioner plus the cost of the portions of the work acceptably completed, as approved by the Commissioner, computed in accordance with the amounts assigned to the several items in the Payment Breakdown, hereto annexed marked Exhibit A, less 10% and less *Page 324 
prior advances. * * * The contractor shall only be entitled to payment in the amount approved by the Lender and the Federal Housing Commissioner with respect to said application."
In the Payment Breakdown, the work is divided into 32 items, to each of which is allocated a certain sum, for instance, masonry $49,139, rough carpentry $65,518. The monthly application or requisition for payment would show, for instance, that 50 per cent. of the rough carpentry was completed and that the contractor was entitled to 50 per cent. of the amount allocated to that item, less 10 per cent. A breach of contract is alleged as follows:
"The defendant, Wrightstown Community Apartments, Inc., breached said contract on October 16, 1948, by refusing to advance any more moneys thereunder, in accordance with its provisions, whereupon plaintiff was unable to purchase materials, pay for labor, or pay his subcontractors, and was prevented thereafter from completing said work under said contract."
The complaint further shows that the indebtedness is a lien on the land and building, and that the Hudson County National Bank is made a defendant because it holds a mortgage which would be cut off by a sale under plaintiff's lien claim.
The second count is exactly the same as the first, except that it alleges that Wrightstown Community Apartments agreed to pay plaintiff reasonable worth instead of a stipulated sum.
The complaint credits defendants with payments on account and the value of the work remaining to be done at the time of the breach, and demands judgment for the balance, $220,188, with interest from October 16, 1948.
As I have already pointed out, the summary judgment rested on the plaintiff's waiver of his lien. The waiver is found in Article 8 of the contract:
"The Contractor hereby specifically agrees that no mechanics' liens or other claim or claims shall be filed or maintained by it against the said buildings and improvements and real estate appurtenant thereto for or on account of any work or labor done or materials furnished under the Contract or otherwise, for, toward, in or about the erection and construction of the said buildings and improvements." *Page 325 
The plaintiff contends that the defendant's breach of the contract, as alleged in the complaint and quoted above, estops the defendants to deny plaintiff's right to a lien. In support of this novel proposition, no authorities are cited and certainly plaintiff does not show a situation within the usual definition of estoppel. Pom. Eq. Jur., § 805. The lien of the contractor comes into play only upon the owner's breach of the contract, for if the owner pays the contractor what falls due from time to time, the lien is unimportant. The waiver of the lien means that, in case the owner fails to pay, the contractor will assert no lien on the land but will rely upon the owner's general credit. Clearly, the defendants' failure or refusal to pay does not estop them from asserting the waiver of the lien. But the waiver did not discharge the owner's personal liability on the contract, or affect the plaintiff's right to a general judgment against the owner in this action. Booye v. Ries, 102 N.J.L. 322 (E. A. 1925). So the judgment must be reversed in part unless the complaint is sham as the respondents contend.
The plaintiff was paid his July 1 and August 1, 1948, requisitions for work done in the months of June and July, although the August 1st requisition was not paid until September 2nd, because certain materialmen had filed stop notices. This was the last payment received by plaintiff. It does not appear whether he presented to the owner requisitions for the August, September and October work. If he did, they were not paid. On September 28th, a stop notice was filed in the amount of $9,275. Other notices were filed in October and November. Plaintiff abandoned the work for lack of funds October 16th. The defendants, and probably the inspector of the Federal Housing Administration, seem to have withheld all payments from the plaintiff after September 2nd, because they learned that he was not paying his subcontractors and materialmen. The situation disclosed is a complicated one, both in the law and in the facts. It involves, besides questions on the Mechanic's Lien Law, the interrelation of the building agreement and a loan agreement which was executed at the same time between the Bank and *Page 326 
the Wrightstown Community Apartments; and the effect on plaintiff's rights of the decisions of the Federal Housing Inspector. Possibly the doctrine of substantial performance is involved. The real situation on and after September 1st remains vague. We think that the County Court properly refused to stamp the complaint a sham, although at the trial it may clearly appear that there is no basis for the complaint. A motion for summary judgment under Rule 3:56 should be granted only with much caution.
The judgment will be reversed with instructions to dismiss the complaint as against the Hudson County National Bank and to strike out paragraphs 8 and 9 of the complaint which allege that the indebtedness is a lien and that the Bank's mortgage will be cut off by a sale under the lien. Except to that extent, the motion to dismiss the complaint should be denied. Since the Bank is successful on the appeal, the appellant must pay its costs. Costs as between the appellant and the respondent owner shall abide the outcome of the action.