COMMUNITY DEVELOPMENT COMPANY, INC., A BODY CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. SEASIDE GARDENS, INC., A BODY CORPORATE OF THE STATE OF NEW JERSEY, AND THE TOWNSHIP OF MATAWAN, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.

Argued April 16, 1951—Decided May 21, 1951.

*Mr. Ralph S. Heuser* argued the cause for the appellant (*Messrs. Heuser & Heuser,* attorneys).

*Mr. Lawrence A. Carton, Jr.,* argued the cause for the respondents (*Messrs. Roberts, Pillsbury, Carton & Sorenson,* attorneys).

*Mr. Richard O. Venino* on the brief.

The ópinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Superior Court, Law Division, dismissing a complaint in an action in lieu of *certiorari* which sought to test the validity of a tax sale. The complaint was dismissed for failure to state a cause of action. The cause was certified here on our own motion.

On August 31, 1950, Seaside Gardens, Inc., filed a complaint to foreclose a tax certificate covering certain lots of land owned by and assessed to the Community Development Company, Inc., the appellant herein. The lands in question were sold to the Township of Matawan on November 17, 1941, for taxes due and owing for the years 1938, 1939 and 1940, and a tax sale certificate No. 41–3 was purchased by and issued to the township. Certain of the lots covered were released from the certificate by the township and the certificate was sold to the highest bidder on December 18, 1947, apparently pursuant to the provisions of *R. S.* 54:5–114.1 *et seq.* The purchaser was the Seaside Gardens, Inc. (hereinafter called Seaside).

The appellant filed an answer to the complaint in foreclosure and on October 18, 1950, the appellant filed a complaint in this cause under *R. S.* 54:5–101 which provides that the filing of an answer shall stay the proceedings in foreclosure for four months from the date of such filing pending an application for a writ of *certiorari* to review the legality of the tax or lien, the proceedings to sell or the sale, and that the foreclosure proceeding be stayed until the *certiorari* proceeding has terminated. The appellant sought to have the certificate of sale set aside and declared void.

The respondent, Seaside, then moved for a dismissal of the complaint for failure to state a cause of action upon which relief could be granted, and based that motion upon *R. S.* 54: 5–52 which provides as follows:

"The certificate of sale shall be presumptive evidence in all courts in all proceedings by and against the purchaser, his representatives, heirs, and assigns, of the truth of the statements therein, of the title of the purchaser to the land therein described, and the regularity and validity of all proceedings had in reference to the sale. After two years from the record of the certificate of sale, no evidence shall be admitted in any court to rebut the presumption, unless the holder thereof shall have procured it by fraud, or had previous knowledge that it was fraudulently made or procured."

It appears from the affidavits filed in support of the motion that the certificate in question was recorded on January 17, 1948, and the complaint in this cause was not filed until October 18, 1950, which is more than two years from the time the certificate was recorded. In such a situation it is clear that the certificate is conclusive and no action can be filed pursuant to *R. S.* 54:5–101 unless the plaintiff alleges and can prove that the holder procured it by fraud or had previous knowledge that it was fraudulently made or procured.

The complaint in this case sets up various allegations why the sale of this certificate should be set aside but they all are based on failure to comply with the statutes regulating the sale of such certificates, and as to such allegations the provisions of *R. S.* 54:5–52 makes the certificate presumptive evidence of its regularity, etc., which cannot be rebutted. The

only allegation in the complaint that approximates an allegation of fraud is the charge "that the tax lien certificate is a fictitious certificate." But this allegation could be consistently construed to refer to the other technical violations of the statutes as alleged in the complaint.

In any cause of action the genesis of which is fraud, *Rule* 3 :9–1 provides, "In all averments of   *   *   *   fraud,   *   *   *   particulars of the wrong, with dates and items if necessary, shall be stated so far as practicable. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." This rule merely restates the rule of pleading of long standing in the courts of this State and has especial application to a proceeding under *R. S.* 54:5–52. In *Central Union Trust Company v. Willat Film Corporation,* 99 *N. J. Eq.* 748, 755 (*Ch.* 1926) the court flatly held that the complaint must contain a specific charge of fraud and cannot be based upon suggestion and inference because "Municipal rights are not abrogated by inference."

The appellant in his affidavit attempted to show that the certificate under foreclosure, No. 41–3, is not the same certificate issued on the 1941 tax sale and that it included many lots that are not included in the present certificate. Respondent's affidavits denied this and the notary public who took the jurat on the certificate in 1941 identified this certificate as the same certificate upon which she took the jurat. It is conceded in this case that the certificate of tax sale does not correspond with the tax advertisement noticing the sale, but this of itself would not be sufficient to void the instrument. *Cedar Realty Co. v. Bahrs,* 97 *N. J. Eq.* 390 (*E. & A.* 1925).

The affidavits of the appellant set up other facts attempting to suggest certain fraudulent conduct upon part of the borough officials, but these affidavits do not establish the fact that the respondent Seaside either took part in these alleged suspicious transactions or had any knowledge thereof.

Under the state of facts presented here by the allegations of the complaint and the affidavits, the terms of the statute, providing that an attack upon the certificate must come

with two years from its recording unless fraud is alleged in which the holder of the certificate participated or had knowledge thereof, preclude any attack upon the legality of the certificate or of its sale in this proceeding. *Hinchliffe v. Loughlin,* 126 *N. J. L.* 132 *(Sup. Ct.* 1941), affirmed 127 *N. J. L.* 309 *(E. & A.* 1941).

As to the appellant's contention that the defense of the statute of limitations based upon *R. S.* 54:5-52 was not properly before the court, *Rule* 3:12-2(5) provides that the defense of failure to state a claim upon which relief can be granted may be made by motion, and the latter part of the same rule permits the presentation to the court of matters outside the pleading, and when this is done as it was in this case, the court shall treat the motion as one for a summary judgment and dispose of it as provided in *Rule* 3:56.

The trial court proceeded in accordance with these rules and found as a matter of fact and law that the complaint, together with the affidavits on file, show palpably that there is no genuine issue as to any material fact challenged, and this being so the complaint was properly dismissed. See *Mitchell v. Wrightstown Community Apartments, Inc.,* 4 *N. J. Super.* 321, 67 *A.* 2d 203, *(App. Div.* 1949); *Hodes v. Dunsky,* 5 *N. J. Super.* 333, 69 *A.* 2d 34, *(App. Div.* 1949). *Cf. Feil v. Senisi,* 7 *N. J. Super.* 517 *(Law Div.* 1950).

We note that paragraph 14 of the complaint alleges that more than two years have run since the assignment of the tax sale certificate and a final decree in a foreclosure proceeding has not been filed. This question cannot be raised in this proceeding but may be a defense in the foreclosure proceeding, since the limitation of *R. S.* 54:5-114.4 and 114.5, as amended, is a limitation on the right to foreclose the certificate purchased under *R. S.* 54:5-114.1 *et seq.*

The judgment is affirmed.

CASE, J. (dissenting). *R. S.* 54:5-52 is a statute upon the admission of evidence, not upon pleading. The deposition submitted at the motion to strike is strongly indicative of

fraud by the collector of taxes, whose deputy executed the tax certificate, and supports the theory that the paper relied upon by defendants is an instrument fraudulently substituted for the original tax certificate. It further avers that the deponent announced, at the sale of the supposed tax certificate to the highest bidder and in the presence of representatives of respondent Seaside Gardens, Inc., that "the certificate being offered for sale was a fictitious certificate procured through fraud and deceit." There was an adequate statement of self-interest in the collector of taxes to form a motive for the alleged fraudulent substitution.

In my opinion there was enough produced in the way of allegation of fraud and of notice to the present holder previous to the purchase by it of the certificate to carry the litigation to trial so that the plaintiff might have the benefit of subpoena to fortify his proofs. · Speed in the disposition of causes should not be at the cost of shutting out a litigant who presents a plausible case of fraud and is deprived of his day in court where he may complete evidence on that difficult subject.

HEHER, J., joins in this dissent.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING and ACKERSON—5.

*For reversal*—Justices CASE and HEHER—2.