49 N.J. Super. 100 (1958)
139 A.2d 315
CITY OF BAYONNE, ETC., PLAINTIFF-RESPONDENT,
v.
STEPHEN M. FERENCZI, ET AL., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 17, 1958.
Decided February 28, 1958.
*101 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Stephen M. Ferenczi argued the cause pro se.
Mr. Frank J. Ziobro, attorney for plaintiff-respondent (Mr. Gerald T. Grenert on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
This appeal is from a final judgment entered in the Superior Court, Chancery Division, foreclosing defendant's right of redemption in the premises described in tax sale certificates Nos. 4063 and 4067 and vesting in the plaintiff an absolute and indefeasible estate in fee simple.
The tax sale was advertised for and held on December 28, 1949. The plaintiff was the purchaser of the tax sale certificates which were dated January 6, 1950 and recorded on January 23, 1952. The complaint to foreclose the certificates was filed on June 25, 1955. On January 22, 1957 *102 the trial was held and on January 25, 1957 an order was entered fixing March 25, 1957 at the office of the Tax Collector as the time and place for the redemption of the premises. Defendant failed to exercise his right of redemption at the designated time and place and on September 4, 1957 the final judgment, here under appeal, was entered whereby the defendant was "absolutely debarred and foreclosed of and from all right of equity of redemption in and to the lands set forth and described in the complaint." N.J.S.A. 54:5-87.
On this appeal defendant's brief sets forth two points, although in substance they are but one point  that the tax sale and the subsequent foreclesure proceedings are defective for the reason that the plaintiff did not comply with the statutory requirements concerning tax sales in that it did not attach to the tax list "a copy of the notice of sale, with affidavits of the advertisement, posting and mailing thereof," R.S. 54:5-30, and failed to mail the notice of the sale to defendant, R.S. 54:5-27.
The sketchy appendix submitted to us by the defendant does not allege or disclose any evidence of fraud in the procurement of the certificates of sale. His attack in the present proceedings was made more than two years after the certificates were recorded. Any defense he might have in this regard is precluded by R.S. 54:5-52, which provides as follows:
"The certificate of sale shall be presumptive evidence in all courts in all proceedings by and against the purchaser, his representatives, heirs, and assigns, of the truth of the statements therein, of the title of the purchaser to the land therein described, and the regularity and validity of all proceedings had in reference to the sale. After two years from the record of the certificate of sale, no evidence shall be admitted in any court to rebut the presumption, unless the holder thereof shall have procured it by fraud, or had previous knowledge that it was fraudulently made or procured."
Under the provisions of the statute as applied here to the facts neither the legality of the certificates nor their sale can be successfully attacked. Community Development Co., Inc., v. Seaside Gardens, Inc., 7 N.J. 153, 157, 158 *103 (1951); Hinchliffe v. Loughlin, 126 N.J.L. 132 (Sup. Ct. 1941), affirmed 127 N.J.L. 309 (E. & A. 1941).
At the trial the defendant testified that he bought the "whole property off the City for $150 * * * and they put an assessment on it for $3,000." The assessed valuation of the property is of no materiality whatever in relation to the present proceeding.
Defendant claims he did not receive notice of the 1949 tax sale until he was served with the foreclosure complaint in 1955. The testimony of the tax collector discloses that an agreement was signed by the defendant in June 1952 providing for his making monthly payments of $100 upon the tax lien. The defendant testified that he signed such an agreement, and the trial court could have properly found, as it undoubtedly did, that defendant had knowledge of the tax lien. He could have redeemed his property as recently as September 4, 1957, the date of the filing of the final judgment. City of Linden v. Gleffi, 6 N.J. 246, 252 (1951); N.J.S.A. 54:5-86.
Additionally, the tax collector testified that he mailed a notice to the defendant. See Mattix v. Maurice River Township, 15 N.J. Misc. 373, 375, 191 A. 464 (Sup. Ct. 1937). But even had he not done so, R.S. 54:5-27 provides: "Failure to mail the notice shall not invalidate any proceeding hereunder." We find the claim of failure of notice to be without merit.
Finally, the defendant argues that the plaintiff had not filed any affidavit showing proof of the necessary posting and advertising of the sale. Defendant concedes that the tax collector produced at the trial a copy of the notice of the advertising as published in the Bayonne Times. The tax collector testified "that everybody got notice that was in arrears * * * before the tax sale is held." The transcript discloses that the necessary posting and advertising were accomplished. Moreover, since the requirement of the affidavit is directory rather than mandatory, there is no infirmity in the proceeding in this regard. Mattix v. Maurice River Township, supra.
Affirmed.