CHARLES SIMKIN & SONS, INC., Plaintiff,

v.

Frederick MASSIAH and City of Trenton, Defendants.

Civ. A. No. 675-60.

United States District Court
D. New Jersey.

Sept. 1, 1960.

Wilentz, Goldman, Spitzer & Sills, Perth Amboy, N. J., by Allen Ravin, Springfield, N. J., for plaintiff.

Louis B. Le Duc, Camden, N. J., for defendant Massiah.

WORTENDYKE, District Judge.

This action was instituted in the Chancery Division of the Superior Court of New Jersey. The first of the three counts of the complaint seeks injunctive relief against the defendant Massiah only. The second count seeks injunctive relief against the same defendant, plus specific performance of his contractual undertaking to the plaintiff, a declaratory judgment that said defendant's claimed lien is void, and compensatory and punitive damages against only that individual defendant. The third count seeks compensatory damages for Massiah's alleged breach of contract. No cause of action is asserted against the defendant City, which is represented to be the holder of the funds upon which the lien is claimed by Massiah. By reason of diversity of citizenship between plaintiff and Massiah, the case was removed to this Court, although the defendant City enjoys the same citizenship as does the plaintiff. The naming of the City in the title of the cause and the references to it in the allegations of the complaint do not disclose the existence of a controversy between the plaintiff and the City. Therefore, diversity jurisdiction in this Court is recognized.

Plaintiff heretofore entered into a contract with the defendant City for the construction of a sewage treatment plant, and, pursuant to the requirements of N.J. S.A. 2A:44–143, gave bond, with sufficient surety in accordance with N.J.S.A. 2A:44–144, conditioned and in the form as prescribed in N.J.S.A. 2A:44–147.

Some of the work called for by the prime contract between the plaintiff and the City was subcontracted by the plaintiff to the defendant Massiah, by a written agreement between the parties thereto, dated June 24, 1959, a copy of which is annexed to the complaint in this action. The work called for by this subcontract involved the performance of labor and furnishing of materials for the concrete construction contemplated by the prime contract between the City and the plaintiff. Paragraph 22 of the subcontract provides as follows: "The Subcontractor hereby waives and releases any and all liens or right of lien under any applicable State or Federal law which he now has or may hereafter have against any fund, building, structure and land in connection with which labor shall be performed and materials furnished under this Contract, and further expressly agrees not to file or place on record any mechanic's notice of intention, stop notice or lien claim of any kind against any such fund, building, structure and land." After Massiah had commenced the performance of his agreement with plaintiff, various differences arose between the parties, and eventually the plaintiff gave notice that it elected to terminate the agreement for the alleged default of Massiah. Thereafter, and despite the provisions of paragraph 22 of the subcontract quoted above, Massiah caused to be filed with the appropriate authority of the City a notice of lien claim in the amount of $413,110.60, which Massiah alleged was due to him from the plaintiff and remained unpaid. The aggregate amount so claimed by Massiah was made up of items for work completed under the subcontract, extra labor and materials, an item of premium price required to be paid by the terms of the agreement, and the value of forms built in place, fabrication on the job site and stored materials alleged to have been taken and used by the plaintiff.

Upon the filing of the verified complaint in the State Court, plaintiff secured an order directing Massiah to show cause in that Court why Massiah should not be required to waive and release his

notice of lien claim filed with the City, and why the City should not be directed to refrain from withholding any payment otherwise due to the plaintiff under the provisions of the general contract. Before the return day of that order to show cause, this action was removed to this Court.

Massiah filed an answer in this Court, together with a counterclaim against the plaintiff and against the sureties upon plaintiff's bond to the City under the prime contract. In this counterclaim Massiah asserted, by way of separate causes of action, the various claims embodied in the lien claim which he had filed with the City, together with a claim for damages for alleged conversion by the plaintiff of tools and equipment belonging to Massiah, and sought injunctive relief against the plaintiff's asserted right to continued possession thereof. This answer and counterclaim was verified by the respective affidavits of Massiah and of the Comptroller of the City.

On August 23, 1960 the plaintiff obtained, from one of the Judges of this Court, an order directing the defendants (the City having also filed a separate answer) to show cause why the injunctive relief sought by the plaintiff in the first count of its complaint should not be interlocutorily allowed. Upon return of that order to show cause the writer of this opinion heard argument in behalf of the plaintiff and of the defendant Massiah (no one appearing for the City), and has examined and considered the briefs of the parties to the application which had been handed to the Court at the commencement of the oral argument.

Plaintiff's instant application is in substance and effect a motion for a mandatory interlocutory injunction to compel Massiah to withdraw his lien claim, thereby releasing to the plaintiff payments withheld by the defendant City pursuant to the terms of the primary contract and specifications. Although plaintiff's present application is for interlocutory relief, such motion, if granted would afford all of the relief sought by the plaintiff under the first count of the com-

plaint. Such a result would be the equivalent of directing the entry of a summary judgment in favor of the plaintiff against Massiah upon the first count of the complaint.

In support of its motion, the plaintiff relies principally upon Mitchell v. Wrightstown Community Apartments, Inc., App.Div.1949, 4 N.J.Super. 321, 67 A.2d 203, 205. In the Mitchell case, plaintiff sued under the provisions of the New Jersey Mechanics Lien Law, N.J.S. A. 2A:44–64, et seq. The trial court granted defendant's motion for summary judgment upon the ground that the plaintiff had waived his right to a mechanic's lien. By the terms of the contract between the builder and owner of the real estate involved in the Mitchell case, the builder expressly agreed that "no mechanics' liens or other claim or claims shall be filed or maintained by it against the said buildings and improvements and real estate appurtenant thereto for or on account of any work or labor done or materials furnished under the Contract or otherwise, for, toward, in or about the erection and construction of the said buildings and improvements." The foregoing clause was held to effectuate a waiver by the plaintiff of any right to lien against the property. The appellate court held that "[t]he waiver of the lien means that, in case the owner fails to pay, the contractor will assert no lien on the land but will rely upon the owner's general credit. Clearly, the defendants' failure or refusal to pay does not estop them from asserting the waiver of the lien. But the waiver did not discharge the owner's personal liability on the contract, or affect the plaintiff's right to a general judgment against the owner in this action." Because, therefore, the trial court had dismissed the complaint which sought recovery also directly against the owner, the judgment below was reversed on appeal.

It was conceded by counsel for the defendant Massiah, during the course of the oral argument on the present motion, that the lien waiver clause of the contract was in no way or respect tainted

by any element of mistake, fraud or duress. But Massiah contends that the question of whether the provisions of the lien waiver clause should be given effect is so inextricably interwoven with and dependent upon issues of fact presented by conflicting contentions of the parties that this Court should refrain from granting the relief thus interlocutorily sought. It is elementary that an interlocutory judgment should be refused unless the right thereto appears clear and irreparable damage to the party seeking such relief is likely to occur if it is denied. Mandatory interlocutory injunctive relief is even less frequently granted than is preliminary injunctive relief in the form of a restraint from departing from the status quo. The relief which the plaintiff here seeks would be in all respects the same as it might ultimately secure after plenary trial. Plaintiff argues that as long as Massiah's lien claim remains on file and unreleased, the City, by the terms of its contract with the plaintiff, may, and probably will continue to refuse to make payments called for by the primary contract. However, N.J.S.A. 2A:44–130 expressly provides that the funds to which a lien has attached may be released and paid to the contractor by the municipality upon the filing with the latter of a bond in double the sum of all claims filed under the provisions of the statute against the contract or the funds due or to grow due thereunder, and conditioned for the payment of such sums as may be adjudged to be due under such claims. Adequate protection is afforded to Massiah by the bond which the plaintiff was required to give to the City for his benefit under the primary contract. It will require a plenary trial to determine what, if any, amount of money Massiah is entitled to recover from the plaintiff or from the sureties upon the plaintiff's bond.

If the present motion be treated as one for summary judgment upon the first count of the complaint, I do not find from the pleadings and affidavits on file that the plaintiff has discharged the burden cast upon it of showing the absence of any genuine issue of material fact. No proof has been presented to me excluding the possibility that Massiah may have a right to assert some lien against the funds in the possession of the municipality upon some of the items of his lien claim, despite the waiver of lien set forth in the subcontract between him and the plaintiff.

Because to doubt is to deny applications of the kind presently before me, plaintiff's motion is overruled and the preliminary injunction sought will be refused.

Determination of the asserted invalidity of Massiah's lien for alleged overstatement of claim (see Friedman v. Stein, 1950, 4 N.J. 34, 71 A.2d 346) is dependent upon the resolution of issues of fact not adequately presented upon the present motion.

This opinion shall constitute the findings of fact and conclusions of law required by the provisions of Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C., and an order may be presented in conformity with the views herein expressed.