THE STANDARD SEWING MACHINE COMPANY *vs.* ROXYE FRAME.

*Replevin—Foreign Corporations—Doing Business in State—Statute; Taking Advantage of—Contract—Pleading—Evidence— Statute of Limitations—Lease—Option to Buy.*

1. If a person who is able to read signs his name to a paper, the presumption is that such person understood the meaning of the instrument, or by the exercise of reasonable care might have done so. In order to avoid the contract the burden is placed on the defendant to show that she was so ignorant that she did not, and could not, understand what she signed. If she was able to understand it, or by the exercise of reasonable diligence might have understood it, the contract is valid and binding.

2. Where a person has contracted with a corporation, such person is estopped from denying that the corporation was authorized by its charter to make the contract.

2. Where the defendant had an option to purchase the article for which the writ of replevin was issued, the statute of limitations would not begin to run against the action until the expiration of defendant's right or option to purchase, because until that time the plaintiff's cause of action would not accrue.

4. A State may prevent foreign corporations from ¦doing any business in the State until they have fulfilled all the requirements imposed by the Legislature. Advantage of the plaintiff's failure to comply with such requirements, however, is generally taken in other States by plea in abatement, other special plea or by answer. Where there is nothing in the pleadings or evidence showing that plaintiff had not complied with the requirements of the statute, *held* the statute was not applicable.

(*February 13, 1900.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Herbert H. Ward* for plaintiff.

*Franklin Brockson* for defendant.

Superior Court, New Castle County, February Term, 1900.

REPLEVIN.

See facts in opinion of Court.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—On May 6, 1899, The Standard Sewing Machine Company, the plaintiff in this case, caused to be issued out of this Court a writ of replevin, under which the sewing machine which is the subject of this suit was seized by the sheriff and delivered to the said company. The plaintiff alleges that said machine had been delivered to Roxye Frame the defendant, under a lease or agreement signed and sealed by her and dated April 10, 1895, wherein she agreed to pay as rent for the machine three dollars per month for the period of seventeen months. The plaintiff further alleges that under the terms of a paper signed by said company and delivered to the defendant, an option was given to the defendant, to buy the sewing machine at the expiration of the rental period mentioned, and that the defendant having failed to make the payments of rent, and exercise her option to buy, as agreed upon, the plaintiff had the right under the law to repossess itself of the property at the time and in the manner in which it did. The alleged lease, as well as the paper granting the option to purchase, have been admitted in evidence and are before you.

The defendant admits that she signed the paper claimed by the plaintiff to be a lease, but insists that she was unable on account of her ignorance, to tell what the paper meant. She also contends that such paper was in fact not a lease, but rather constituted a sale, absolute or conditional, of the property from the plaintiff to the defendant; and we have been asked by the defendant to so charge you. We will say to you that the paper referred to, is in law just what it purports on its face, to be, viz., a lease, and it does not by its terms constitute a sale either absolute or conditional. We instruct you that if a person who is able to read signs his or her name to a paper, the presumption is that such person understood the meaning of the instrument, or by the exercise of reasonable care might have done so. In order to avoid the contract the

burden is placed on the defendant to show that she was so ignorant that she did not, and could not, understand what she signed. If she was able to understand it, had an opportunity to understand it, or by the exercise of reasonable diligence might have understood it, the contract is valid and binding on her.

We have also been asked by the defendant to charge you that it was incumbent on the plaintiff to show that it was authorized by its charter to do the business it transacted with the defendant, and having failed to show that, it cannot recover in this action. We cannot so charge you for the reason that the defendant having contracted with the company, is estopped from denying that the corporation was not authorized by its charter to make the contract.

Neither can we charge you that the plaintiff cannot recover because of the statute passed May 12, 1897, entitled, " An act in relation to foreign corporations," being *Chapter 513, Volume 20, Laws of Delaware.* This statute provides that "no corporation shall engage in, prosecute or transact any business of any kind within the limits of this State on and after June 1, 1897, without first filing a charter," etc. But this act was passed subsequent to the making of the contract involved in this case, and we say to you that it has nothing whatever to do with the case before you.

It is true that the statute of limitations restricts the entry of suits of this character to the period of three years from the accruing of the cause of action, but such statute would not be a bar to recovery by the plaintiff in this action, if you believe the defendant had the option to purchase as alleged by the plaintiff, because in that event the cause of action could not and did not accrue till the expiration of defendant's right or option to purchase the machine, which was less than three years from the time the suit was brought.

The counsel for the defendant, in the very able and thorough defense he has made in this case, has further asked us to charge you that the plaintiff cannot recover in this case because of the statue passed April 28, 1893, entitled " An act in relation to foreign corporations doing business in this State," being *Chapter*

*103, Volume 19, Laws of Delaware, Rev. Code, 583.* The statute is in the following language:

"SECTION 1. That it shall not be lawful for any corporation created by the laws of any other State, or the laws of the United States, to do any business in this State through or by branch offices, agents or representatives located in this State, until it shall have filed in the office of the Secretary of State of this State a certified copy of its charter and the name or names of its authorized agent or agents in this State, together with a sworn statement of the assets and liabilities of such company or corporation, and paid the Secretary of State, for the use of the State, fifty dollars ($50); and the certificate of the Secretary of State under his seal of office, of the filing of such charter, shall be delivered to such agent or agents upon the payment to said Secretary of State of the usual fees for making certified copies, shall be *prima facie* evidence of such company's right to do business in this State.

"SECTION 2. That any person or persons, agent, officer or employe of any foreign corporation who shall transact any business within this State for any such foreign corporation without the provisions of this act being first complied with shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by fine not exceeding one thousand dollars, at the discretion of the Court; provided however that the provisions of this act shall not apply to fire insurance companies doing business in this State."

It is true, as claimed by the defendant, that a State may exclude foreign corporations entirely, or may prevent them doing any business whatever in the State until they have fulfilled all the requirements imposed by the Legislature, but we find from an examination of the cases in other States, in which statutes more or less similar to our own were involved, that advantage of the plaintiff's failure to comply with the laws of the State giving authority to do the business, must be taken either by plea in abatement, other special plea or by answer. In the case now at bar there is no allegation in the pleadings, or any evidence whatever adduced in the

case, showing that the plaintiff had not complied with the requirements of the statute. Under the pleadings and evidence in the cause we do not think the statute of 1893 is applicable.

We therefore say to you, gentlemen of the jury, that if you believe that the defendant, Roxye Frame, rented the sewing machine in question from the plaintiff for the period of seventeen months, and had the option at the expiration of that time to purchase the machine, but failed and refused to pay the rent according to her agreement or buy the machine in accordance with the option given to her by the plaintiff, then at the time the writ of replevin was issued the sewing machine was the property of the plaintiff, and your verdict should be for the plaintiff. Otherwise your verdict should be for the defendant.

If you should find for the plaintiff, your verdict should be simply, "We find for the plaintiff;" and if you should find for the defendant, your verdict should be for such amount as you believe from the evidence the sewing machine was reasonably worth.

Verdict for plaintiff.