## Stoneback *v.* Waters.

*Mechanics' liens—Building contract—Waiver of right to file lien by subcontractor.*

A subcontractor cannot file a mechanic's lien where in his written contract with the contractor he "waives all right to any mechanic's claim or lien against the said premises, and agrees not to file any such claim or lien, and further agrees, for his heirs, executors, administrators, successors and assigns to sign a full, complete and absolute release of all liens, claims or demands whatsoever against said premises for work done or materials furnished therefor under this contract, when thereto requested by the said

parties of the second part, their heirs, executors, administrators and assigns."

Argued Jan. 22, 1901.    Appeal, No. 166, Jan. T., 1900, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1900, No. 161, M. L. D., on verdict for defendant, in case of Samuel A. Stoneback v. G. Jason Waters, Owner or Reputed Owner, and James W. Mercur and Ulysses Mercur, trading as J. W. Mercur & Company, Contractors.    Before McCoL-LUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POT-TER, JJ.    Affirmed.

Scire facias sur mechanic's lien.    Before BEITLER, J.

At the trial it appeared that a few days prior to May 24, 1897, G. Jason Waters entered into a contract with J. W. Mercur & Company for the erection of a hotel at 15th and Walnut streets, in the city of Philadelphia.

On May 24, 1897, Mercur & Company entered into a contract with Stoneback, the claimant, " to furnish and pay for all the labor and materials, scaffolding, transportation and utensils necessary to erect, build, set up, finish and complete for use in the most substantial and workmanlike manner all the concrete footings and the work of every description under the headings of excavation, stone masonry, brickwork and ornamental terra cotta and the work under any other headings specified to be done by those doing the above-named work."

By the fourth paragraph of this agreement it was provided :

" 4. And it is understood and agreed that the party of the first part, for his heirs, executors, administrators, successors and assigns, hereby waives all right to any mechanics' claim or lien against the said premises, and agrees not to file any such claim or lien, and further agrees, for his heirs, executors, administrators, successors and assigns, to sign a full, complete and absolute release of all liens, claims or demands whatsoever against said premises for work done or materials furnished therefor under this contract when thereto requested by the said party of the second part, their heirs, executors, administrators and assigns."

Stoneback commenced work under this contract.    He never received the full amount due him in any monthly payment, and filed a lien for his claim.

Verdict by direction of the court for defendant. Judgment was entered on the verdict.

*Error assigned* was in giving binding instructions for defendant.

*Edwin D. Hoffman*, with him *John S. Durham* and *Frank Reeder*, for appellant.

*S. Davis Page*, with him *Edward P. Allinson, Howard W. Page, Boies Penrose* and *S. P. Rotan*, for appellees.

PER CURIAM, February 25, 1901:

This was a proceeding upon a mechanic's lien filed by Stoneback. In the fourth clause of his contract with Mercur & Company he waived all right to any mechanic's claim or lien against the premises mentioned therein, and agreed not to file any such claim or lien, and further agreed " for his heirs, executors, successors and assigns to sign a full, complete and absolute release of all liens, claims or demands whatsoever against said premises for work done or materials furnished therefor under this contract, when thereto requested by the said party of the second part, their heirs, executors, administrators and assigns." The clause aforesaid was a bar to Stoneback's claim of lien and the verdict for the defendants was the consequence of it.

Judgment affirmed.