ISRAEL WEINBERG vs. PASQUALE VALENTE.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

To obtain a loan secured by a first mortgage upon his house, then in process of construction, the plaintiff paid $1,000 to the contractor for the building, in consideration of his written waiver of "all right, title and interest to any privilege of lien for materials, labor and stock furnished and used" therein. *Held* that these words were to be considered in the light of the object the parties had in view in using them, and, inasmuch as the waiver would otherwise serve no substantial purpose, it must be construed to cover all right to a lien—under any contracts then existing—for labor and materials thereafter to be furnished as well as for those already provided.

It is questionable whether the right to a mechanic's lien under an entire contract for a single sum is divisible, so as to permit the right to be waived as to a portion of the work and retained for the remainder.

The rule *verba contra proferentem fortius accipiuntur* is one of last resort, and will not be applied where any ambiguity caused by the mere words is cleared away by taking into account the purpose and object for which the writing was given and received.

When one of the parties prepares and tenders a paper for execution by the other, who accordingly signs it, the words, within the meaning of this maxim, are those of the former.

Argued June 6th—decided July 30th, 1906.

SUIT for the annulment of two mechanic's liens, alleged to be a cloud on plaintiff's title, and for their discharge of record, brought to and tried by the Superior Court in New Haven County, *Case, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and judgment reversed.*

*Charles S. Hamilton* and *John L. Gilson,* for the appellant (plaintiff).

*Benjamin Slade,* for the appellee (defendant).

BALDWIN, J. In January, 1905, a building was in course of construction on land of the plaintiff, and several persons were engaged in furnishing materials and rendering services therefor. The defendant was one of these, acting under several contracts previously made between him and the plaintiff. The plaintiff, desiring to obtain a loan on the security of this land, had his attorney prepare waivers of lien for signature by the various materialmen and contractors, and also a writing expressing the consideration for such a waiver by the defendant. This writing and one of the waivers were signed by the defendant, at the plaintiff's request, on the day of their date, and read as follows :—

"In consideration of the furnishing of waivers of all liens on building now being erected by P. Valente, general contractor for I. Weinberg, on College street, New Haven, said Weinberg does hereby pay over to said Valente three hundred dollars, cash, and a note for seven hundred dollars, due thirty days from date, herewith : said amount, one thousand dollars, to be deducted from amounts due on certificates to be furnished hereafter by Brown & Von Beren, architects, and the receipt of said one thousand dollars is hereby acknowledged.

"Jan'y 18, 1905.                            Pasquale Valente."


" Waiver of Lien.

" The undersigned hereby waives all right, title, and interest to any privilege of lien for materials, labor, and stock furnished and used in the brick building now in course of construction for I. Weinberg, on College street, New Haven, Conn.

" Dated at New Haven, Jan. 18, 1905.

Pasquale Valente."


Similar waivers were signed at about the same date by others of the materialmen and contractors.

The note described in the first writing was duly executed and delivered by the plaintiff, and paid at maturity.

After January 18th, 1905, the defendant continued furnishing material and rendering services under his contracts, until April 5th.   On April 18th he filed two certificates of lien for record.   Each was for materials furnished and services rendered in the construction of the building in question, under a contract with the plaintiff.   The date of beginning work under one contract was specified as August 31st, 1904, the amount claimed being $3,750; and under the other as December 31st, 1904, the amount claimed being $600.

On account of the filing of these certificates, the plaintiff was obliged, in order to obtain the loan which he desired, to furnish other security, and effect additional insurance on the building.   He gave due notice (General Statutes, § 4158) to the defendant to discharge his claims under the certificates, but the defendant did not do so.

The Superior Court ruled that the effect of the waiver signed by the defendant was confined by its terms to materials, labor and stock furnished and used prior to its date and delivery; and that the certificates were such as to impose liens on the land for all materials, labor and stock subsequently furnished and used.

In determining whether the construction thus given to the waiver is correct, it is necessary to consider the words employed by the parties to express their intent, in the light of the object which they had in view while employing them.   This was to facilitate a future loan on the security of the land, to accomplish which purpose the plaintiff advanced a substantial consideration.   It must be assumed that the parties knew that some time would necessarily elapse between the date of the waiver and the consummation of a loan by the record of a mortgage given to secure it.   But during this time the defendant was to proceed as before under his contracts, and by virtue of General Statutes, § 4135, his claim for a lien for all materials, labor, or stock so to be furnished and used on the building, pursuant to each, if it had not been waived, would relate back, at latest, to the moment when materials, labor, or stock

were first furnished after the signing and delivery of the waiver. If a dollar's worth of material were so furnished, under the main contract, on January 18th, 1905, after the paper had been handed to the plaintiff, and materials to the value of $3,749 had been furnished after that day, down to April 5th, a lien for $3,750, according to the defendant's contention, would exist, paramount to any mortgage that the plaintiff could in the meantime place on record.

Such being the conditions governing the relations of the parties, in order to make the waiver of liens signed by the defendant serve any substantial purpose, it must be taken to comprehend all liens under any contracts then existing and in course of execution for the price or value of work done or to be done and materials furnished or to be furnished for the building in question. It is true, that as the waiver was drafted by the plaintiff's attorney, the terms, in case of any ambiguity not otherwise to be dissolved, would be construed in favor of the defendant. But the rule *verba contra proferentem fortius accipiuntur* is one of last resort. Here the conceded facts clear away whatever ambiguity exists in the words employed.

There is no occasion to inquire whether the privilege of a mechanic's lien for work done or materials furnished under an entire contract, stipulating for a gross sum as the price of performance, is divisible.

Whether the contracts between the parties were of that kind, or stipulated for payment of the fair value of the work done and materials furnished, as subsequently estimated, no attempt at division appears either in the written waiver or in the certificates of lien. Each certificate purports to date the lien from the time when the execution of the contract first commenced; and by the waiver all that could be released is released, because, except by releasing all, the object which the parties had in view could not be accomplished.

The pretended liens set up in the two certificates were therefore invalid, and the plaintiff was entitled to the remedy which he pursued.

There is error, the judgment of the Superior Court is reversed, and the cause remanded for the entry of a judgment establishing the invalidity of the liens claimed and for such damages as may be proved.

In this opinion the other judges concurred.