ALEXANDER F. PEOPLES *vs.* THE NEW ENGLAND LUMBER AND BOX COMPANY.

First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Ambiguity in a contract should be resolved by considering the words employed by the parties to express their intent, in the light of the object which they had in view; and if two interpretations are possible, that which is the more fair, reasonable and rational is to be preferred.

The defendant's ten-year lease of the plaintiff's real estate contained a renewal privilege for the same term and at the same rent "except that if by the end of the tenth year the amount of taxes on said property shall have been increased by an amount of at least $25.00 over the amount assessed at the date of this lease, then the amount of such excess, together with the amount of any excess thereafter paid, shall be added to the rent provided for herein." *Held* that, under this provision, the increase in rental should be computed with reference only to such increase in taxes over the amount originally assessed as might be found to exist at the commencement of the renewal term or as might occur thereafter during that term, and that there should not be included therein, as claimed by the plaintiff, a further sum represented by the difference between the amount of taxes actually paid during the original term of the lease and the amount which would have been paid if the taxes had not been increased.

Argued May 2d—decided June 14th, 1928.

ACTION to recover rent alleged to be due from the defendant under a lease of the plaintiff's real estate, brought to the City Court of the City of Hartford and tried to the court, *Ross, J.;* judgment rendered for the plaintiff for $65.20 only, from which he appealed. *No error.*

*Ralph O. Wells,* for the appellant (plaintiff).

*Josiah H. Peck,* for the appellee (defendant).

HINMAN, J. On March 15th, 1917, the plaintiff leased to the defendant certain real estate in Hartford for the term of ten years from that date at the yearly rent of $400 payable in equal monthly payments. The lease contained a provision that the lessee "shall have the option or privilege of renewing this lease for an additional term of ten years beyond this term at the same rental except that if by the end of the tenth year the amount of taxes on said property shall have been increased by an amount of at least $25.00 over the amount assessed at the date of this lease, then the amount of such excess, together with the amount of any excess thereafter paid, shall be added to the rent provided for herein." This option was exercised, and the sole question presented by the present action is the amount of rent payable during the first ten months of the renewal period, which amount depends upon the construction to be accorded the above-quoted provision of the lease.

The trial court computed the rent recoverable by adding to the annual rent under the original lease ($400) the difference between the tax assessed on the property on the list of 1916 ($26.65) and that on the list of 1926 ($105), which is $78.35, making the rental for the period in suit at the rate of $478.35 per year,

or $39.85 per month. Continued payments of rent at the former rate, $33.33 per month, having been made by the defendant, judgment was rendered for the difference, $6.52 per month, a total of $65.20. The defendant concedes and contends for the correctness of this computation.

The plaintiff insists, however, that the renewal clause of the lease requires the defendant to pay, in addition to the amount allowed by the trial court, a further sum computed by adding together the taxes paid on the leased premises for each of the ten years during the original lease and subtracting from this total ten times the tax assessed on the list of 1916, the difference being $491.08 and making the total annual rent $969.43, or $80.79 per month.

Such ambiguity as the provision in question exhibits should be resolved by considering "the words employed by the parties to express their intent, in the light of the object which they had in view." *Weinberg* v. *Valente,* 79 Conn. 247, 249, 64 Atl. 337. If susceptible of two interpretations, that which is the more fair, reasonable and rational is to be preferred. The improbability that either party would intend or consciously enter into an agreement which is unfair and inequitable to himself is also to be recognized. *North Providence* v. *Aetna Indemnity Co.,* 90 Conn. 226, 231, 96 Atl. 926; *Volk* v. *Volk Mfg. Co., Inc.,* 101 Conn. 594, 602, 126 Atl. 847.

The obvious purpose of the lessor in making the provision under consideration was, in case the extension of time came into effect at the end of the original ten-year term of the lease, to obtain a continuance, thereafter, of a net rental equivalent to the rent reserved in the original lease, notwithstanding any material increase in the tax on the property above that imposed thereon at the date of the lease. The clause

in question is to be construed as meaning that, commencing with the beginning of the renewal term—March 15th, 1927—the rent should be increased by the amount by which the tax assessment on the property then in effect exceeded that at the date of the lease. This is the construction adopted by the trial court, and, so far as the record discloses, is applicable to the period covered by the present action. The object and effect of the expression "together with the amount of any excess thereafter paid," is that the amount of rent payable shall be adjusted, on a similar basis, to each recurring tax on the property during the extended term, by adding to the basic yearly rent of $400 the excess of such tax over that assessed on the list of 1916, and payment of rent made at that rate until the same is again changed to accord with subsequent variations in the amount of the tax.

This construction responds to the recognized rules above mentioned as applied to the language employed and accomplishes the end apparently sought. That claimed by the appellant appears to be the fruit of ingenuity rather than reasonableness; we find no rational justification for it in the phraseology of the lease and no indication that such a meaning and effect were contemplated by the parties when the lease was executed.

There is no error.

In this opinion the other judges concurred.