### The Hamden Holding Corporation v. United Men's Shops, Inc.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued January 10—decided February 7, 1941.

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellant (defendant).

*Herman M. Levy,* with whom was *Burton N. Levey,* for the appellee (plaintiff).

Jennings, J. This case concerns the interpretation of the rental clause in the lease of a chain store. It reads as follows: "In consideration of the demise and leasing of the premises aforesaid by said Lessor, the Lessee covenants, stipulates and agrees to pay to the Lessor as rental for said demised premises, during said term, twelve percent of the total gross receipts of the Lessee upon the within demised premises, providing, however, the Lessee guarantees to the Lessor that the minimum rental said Lessor shall receive, shall be, and the Lessee shall pay, Three Hundred ($300) Dollars per month, in advance on the first day of each

month during the duration of this lease, beginning September 1, 1934, regardless of the amount of said receipts. The Lessee agrees to keep a true and correct account of all business done by it and to furnish statements regularly each month. The books, records, cash register and premises of the Lessee shall be open to inspection and examination to the Lessor or its representatives, at all times. During the duration of this Indenture, the Lessee may upon thirty days written notice cancel this percentage agreement and in lieu thereof pay Five Hundred ($500.00) Dollars per month as straight rental for the demised premises providing said Lessee first reimburses the Lessor for all outlays in connection with the construction of the store front."

The dispute arose over the rent due for December, 1939. The gross receipts for that month were $11,-320.92, 12 per cent of which is $1358.51. Only the basic rent of $300 was paid. The plaintiff claimed and the court held that the lease called for the payment by the defendant of $300 each month or 12 per cent of the gross sales, whichever was higher. The defendant claimed that the lease required the defendant to pay 12 per cent of its gross receipts for the term (about eight years from July 18, 1934) with a guaranty that the payments would average not less then $300 per month. On this theory the defendant figured that its payments up to December 1, 1939, had exceeded 12 per cent of the gross receipts for the entire period up to that date, as well as the $300 monthly average, as a result of the fact that in many months the gross sales were so small that $300 was in excess of the 12 per cent. In January, 1940, it offered to the plaintiff an additional amount of $319.21 on account of the month of December, which would have made the total payments for the entire term through December equal

to 12 per cent of the gross receipts for the entire period of the lease up to January 1, 1940. The plaintiff rejected this method of determining the rent and claimed $1358.51, less the $300 already paid, and judgment was rendered accordingly.

The trial and appeal involve the efforts of the defendant, by the offer of evidence and insistence on its draft finding, to explain the claimed ambiguity in the quoted clause. These efforts must be fruitless if the meaning of the written instrument is plain. *Hildreth v. Hartford, M. & R. Tramway Co.*, 73 Conn. 631, 636, 48 Atl. 963. The trial court held that the lease was not ambiguous. The words "the Lessee guarantees to the Lessor that the minimum rental said Lessor shall receive, shall be, and the Lessee shall pay, Three Hundred ($300) Dollars per month, in advance on the first day of each month during the duration of this lease, beginning September 1, 1934, regardless of the amount of said receipts," mean exactly what they say, that the lessee shall pay $300 on the first of each month regardless of the amount of the receipts. The words "during said term," relied on by the defendant, mean no more than the ordinary undertaking, in a lease, to pay a stated monthly rent during the term. The provisions for monthly payments and monthly statements are controlling. None of the obvious tests lead to the interpretation claimed by the defendant. The construction put on the document by the parties over a period of five years was that adopted by the court. This is important and may be controlling. *Finlay v. Swirsky*, 103 Conn. 624, 635, 131 Atl. 420. The lease itself provides that if the lessee prefers a flat monthly rental, he shall pay $500 plus certain charges. No "rests," when the computations required under the defendant's interpretation should be made, are provided for or contemplated. The plaintiff's claim is there-

fore the "more fair, reasonable and rational." *Peoples* v. *New England Lumber & Box Co.*, 107 Conn. 724, 726, 142 Atl. 387.

The interpretation by the trial court and ensuing judgment for the plaintiff were correct.

There is no error.

In this opinion the other judges concurred.