AMERICAN SHOPS, INC., AND/OR MAX STRELSIN, PLAIN-
TIFFS, v. RELIANCE INSURANCE COMPANY OF PHILA-
DELPHIA, A FOREIGN CORPORATION, DEFENDANT.

Essex County Court
Law Division

Decided November 3, 1952.

*Mr. Harold D. Feuerstein* argued the motion for the plaintiffs (*Mr. Graham Roskein,* attorney).

*Mr. Milton A. Dauber* argued the motion for the defendant (*Messrs. Carpenter, Gilmour & Dwyer,* attorneys).

SPEAKMAN, J. C. C. Defendant insurer contends that by virtue of the endorsement stamped on its policy of insurance it is not liable to the plaintiffs for the amount of damage to the engine in plaintiffs' vessel resulting from an explosion or latent defect. Accordingly, by this motion defendant seeks the entry of summary judgment in its favor.

The policy provides, under Section "A," Hull Insurance, as follows:

"Negligence and Latent Defect

This insurance also to cover, *subject to the special terms of this policy,* loss of and/or damage to hull or machinery through the negligence of master, mariners, engineers, or pilots, or through explosions, bursting of boilers, breakage of shafts, *or through any*

*latent defect in the machinery* or hull, provided such loss or damage has not resulted from want of due diligence by the owners of the vessel, or any of them, or by the manager." (Emphasis added.)

The provision stamped on the face of the policy, hereafter referred to as the "machinery clause" provides:

"Not liable for loss or damage to the rudder, propeller, shaft or machinery, unless caused by stranding, sinking, burning or collision with another vessel."

Whether or not defendant's policy covers the loss here involved depends upon the meaning to be accorded to the word "machinery" in the last quoted policy provision. The defendant's motion for summary judgment is made on the ground that the word embraces all the machinery on the boat and that since the loss did not result from stranding, sinking, burning or collision, the policy did not cover the loss here sustained. The plaintiffs oppose the defendant's motion on the ground that the word "machinery" must be limited by the specific words "rudder, propeller and shaft."

Apparently the contractual language here under examination has not been previously judicially construed. It appears clear that the rudder, propeller and shaft are not parts of the hull but come within the general classification of machinery. If the clause is given the meaning contended for by the defendant the words "rudder, propellor, shaft" are meaningless since they would be comprehended within the all-inclusive word "machinery."

The plaintiffs' contention is that the doctrine of *ejusdem generis* is here applicable. By applying this principle of construction the word "machinery" would be limited to the same kind of machinery as "rudder, propellor or shaft," *viz.,* underwater machinery. Obviously this would not include the engine. Such a construction would give meaning to every word in the clause. A construction which gives reasonable interpretation to each part of a contract is favored over one which leaves a portion of the writing useless or inexplicable.

*Maryland Cas. Co. v. Hansen-Jensen, Inc.,* 15 *N. J. Super.* 20 (*App. Div.* 1951).

At best, the meaning of the clause is ambiguous. Consequently it becomes appropriate to apply the principle that if the meaning of the words employed is doubtful or uncertain, or if for any reason any ambiguity exists either in the policy as a whole or in any portions thereof, the insured should have the benefit of a favorable construction. *Harris v. American Casualty Co.,* 83 *N. J. L.* 641 (*E. & A.* 1912); *Schneider v. New Amsterdam Casualty Co.,* 22 *N. J. Super.* 238 (*App. Div.* 1952), and authorities cited therein.

Furthermore, this interpretation gives effect to the "latent defect" provision of the first quoted paragraph above, whereas, the defendant's contention would have the result of deleting protection against all latent defects in machinery regardless of where the machinery was located on the vessel. In construing an ambiguous contract, the improbability that either party would intend or consciously make an agreement unfair to himself should be recognized. *Peoples v. New England Lumber & Box Co.,* 107 *Conn.* 724, 142 *A.* 387 (*Sup. Ct. Err.* 1928).

The policy in suit covers loss to the engine of the boat due to explosion or latent defect.

The defendant's motion is therefore denied.