[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The named defendant has moved to discharge or reduce a mechanic's lien. The Court finds the lien to be invalid and orders that it be discharged.
On or about October 2, 1990 the plaintiff (C N) entered into a contract with one John Samsel whereby C N was to do certain plumbing work on property owned by Samsel. The building under construction was a two story professional office building of seven units. In May 1991, a Declaration of Common Interest Ownership was recorded, thereby creating a seven unit condominium known as Buckland Meadow Condominiums. At that time Samsel conveyed the property to Buckland Meadow Associates, a partnership which at the time of this hearing held ownership to four of the seven units.
At some time prior to the transfer from Samsel to Buckland Meadow Associates on May 7, 1991, C N through its President, signed a Waiver of Mechanic's Lien. A standard Waiver of Mechanic's Lien form was used which states in part:
 "We, the undersigned, contractors, sub contractors, material men, et cetra, (sic) in consideration of One Dollar and other valuable consideration received to our full satisfaction of John Samsel, Jr. of the Town of South Windsor County of Hartford and State of Connecticut have waived, relinquished and released and do hereby waive, relinquish and release all liens and claims of liens we now have or may hereafter have upon a piece of land and all the buildings thereon standing, known as 469 Buckland Road situated in the town of South Windsor."
The waiver form was not dated and the plaintiff's signature appears on the form on two lines as follows:
 David Lovesky Pres. C N Partial Plumber David Lovesky Pres. C N Partial Plumber's Supplies
The undated lien waiver form was attached to an affidavit executed by Mr. Samsel dated May 7, 1991 attesting to the fact that only those parties who signed the lien waiver have the right to a lien on said property.
Thereafter, on August 16, 1991, C N filed a Mechanics Lien on said property in the amount of $13,058.00 for work commencing October 2, 1990 and ending May 22, 1991.
The plaintiff claims that the word partial next to his signature is a sufficient "red flag" to limit the waiver. The Court cannot agree. CT Page 6252
There is an ambiguity between the language preprinted in the form which states that plaintiff was relinquishing any rights he has or may hereafter have to the property and what was intended by the word "partial". There is no indication that the waiver is limited as to amount, and, since the form is undated, that it was intended to cover work up to a particular time.
In short, the Court has no way to determine what the plaintiff intended by the word partial and where there is ambiguity in a contract, the ambiguity is to be construed most strongly against the party who drafted it. Weinberg v. Valenti,79 Conn. 247 (1906).
The Court is cognizant that when qualifying language is inserted into a pre-printed contract, it should be given effect if reasonably possible, Albert Mendel Son., Inc., v. Krogh,4 Conn. App. 117, 123 (1985), but in this case it is not reasonably possible to determine the intent of the plaintiff.
Reference is made to Red Rooster Construction Co. v. River Associates, Inc., et al., 4 Conn. L. Rptr. No 10, 315 (7-22-91). In that case the plaintiff, when executing a lien waiver, typed specifically limiting language on the pre-printed waiver form, e.g. "For work done from 4-1-88 thru 6-25-88." It is the lack of similarly specific language in this case which distinguishes the two cases.
The defendant has put forth other reasons as to why the lien should be discharged and the Court will address those.
Service of the Mechanic's Lien was made on John Samsel and three other persons no longer involved in the case. Although Samsel had conveyed the property to Buckland Meadow Associates, he was a partner in that organization. The Court concludes that is sufficient service of process. The purpose of giving notice may be satisfied by one document. Under the circumstance of this case the plaintiff should not be required to serve a notice of intent to file a lien in addition to the service of the lien itself. H S Torrington v. Lutz,185 Conn. 549 (1981).
In summary, the Court find the plaintiff has waived its right to file a mechanic's lien and it is hereby discharged.
Klaczak, J. CT Page 6253